John G. Tyus, plaintiff in error, vs. Youel G. Rust, defendant in error.

A factor who has advanced money on cotton stored with him, and has a claim on it for expenses, and who has sold it without instructions from his principal, to a *bona fide* purchaser, is not subject to a possessory warrant at the instance of his principal; *certainly* not before a tender of his advances and expenses.

Possessory Warrant.    Decided by Judge CLARK.    At Chambers.    September 1865.

This was a possessory warrant for fifty-two bales of cotton. The judge decided that the defendant's possession was legal, and that the plaintiff was not entitled to recover. That decision is the error here complained of.

The plaintiff's evidence was as follows.

He introduced three warehouse receipts, covering fifty-two bales of cotton, signed by Sims & Rust, and expressing that the cotton was subject to the receipts, or the plaintiff's order, on paying customary charges and all advances. They all bore date in the month of December, 1862, and the sum of $13.25 was noted in the margins for mending and rope.

*Charles Collins*—Testified that in January, 1863, the plaintiff was about to move from Mitchell to Thomas county. He had previously deposited with Sims & Rust fifty-two bags of cotton, and came to Albany for the purpose of selling it, in the latter part of said month, but could get offered only fourteen cents per pound. He refused to sell at that price, but needing money, got defendant, Rust, to advance him on his cotton $1,000, saying at the time not to sell to pay the advance, as he would not sell at present prices, and if he, the defendant, had to have the money, to notify him, and he would raise it from other sources, or would sell cotton enough to pay that amount; that he was about moving away, and would leave the matter with witness, who would act in his place. In the month of February, thereafter, witness came to Albany to sell the

cotton, provided he could obtain eighteen cents per pound. Defendant replied that it would not command that much, but that he, witness, might take the samples and go round and see if he could get that offered. Witness did take the samples around, and the highest bid, he could get was either sixteen and a half or seventeen and a half cents, he does not remember which. Witness left without selling, and the next thing he heard of it was in June, when plantiff came to his house, stating he had received a letter from Sims & Rust, dated in the March previous, saying they had sold his cotton at nineteen and a half cents per pound. Plaintiff also said he did not get the letter for a long time, as it was directed to McElveensville, and was brought by a delegate to a Baptist Association in his neighborhood, who took it out of the office. That office is twenty or thirty miles from Thomasville, the post office of plaintiff at that time. Witness and plaintiff then (in June) came to Albany to see Sims & Rust. Plaintiff repudiated the sale, and demanded the cotton, which they refused to deliver, saying they had sold it to Jeremiah Bealle, and were then holding it for him. Plaintiff, again, just before the issuing of this warrant, demanded the cotton, when defendant refused to deliver it, giving the same reason. At neither demand was any tender made of the advance and expenses. Sims & Rust were keepers of a cotton warehouse in Albany, and were factors and commission merchants. Witness had never given them any orders or instructions to sell the cotton.

*Hamlin J. Cook*—Testified that he had been in the warehouse and commission business in Albany for about five or six years, and that it was his custom not to sell cotton brought to his warehouse, unless by direction of the planter, except for advances, and then only sufficient to pay the advances, and after notice to the planter, where practicable to give it.

*Wm. C. Jelks*—Another warehouse-man and commission merchant, testified to a similar course of business on his part.

The defendant introduced the letter above referred to, which had been drawn from the plaintiff by a notice to produce it. It was as follows:

ALBANY, March 30, 1863.

John G. Tyus, Esq.,

  McElveensville, P. O.,

      Mitchell Co.,

        Dear Sir:

We sold your 52 bales cotton on the 21st at $19\frac{1}{2}$, and would have advised before but that your post office had escaped our memory. The nett sales, $5,386.45, at your credit.

Yours truly,

        SIMS & RUST.

STROZIER & SMITH, for plaintiff in error.

WARREN and VASON & DAVIS, for defendant.

LUMPKIN, C. J.

It seems that prior to January, 1863, Tyus, the plaintiff in error, had stored fifty-two bales of cotton with Sims & Rust, warehouse-men and factors in the city of Albany. That, proposing to change his residence about that time from Mitchell county to Thomas, Tyus went to Albany to look after his cotton. Finding that fourteen cents was all that he could get, for it, he declined selling it. And Sims & Rust made him an advance of $1,000 upon the cotton. The evidence is, that Tyus instructed them not to sell his cotton to reimburse themselves, but that whenever they needed the money to notify him, and it should be refunded. In February, the month after, Mr. Charles Collins, the son-in-law of Tyus, went to Albany to sell this lot of cotton. He asked Rust, one of the firm of Sims & Rust, if he could get 18 cents for it. The reply was, by Rust, that he thought not; but he could take some samples and try the

Tyus vs. Rust.

market. Seventeen and a half cents was the highest price offered. He did not sell. The next month, Sims and Rust, notwithstanding they had no notice to sell the cotton, did sell it to Jeremiah Bealle for nineteen and a half cents per pound, who seems to have been a *bona fide* purchaser from aught that appears to the contrary.

Tyus demanded the cotton several times of Sims & Rust, who declined delivering it, saying, in reply, that they had sold the cotton to Jeremiah Bealle. Tyus never tendered or offered to refund the $1,000 they had advanced him, or to pay the expenses and charges upon the cotton.

Tyus now sued out a possessory warrant, to get possession of his cotton—relying, probably, upon the case of *Meredith vs. Knott and Hollingsworth*, 34 *Ga. R., p.* 222. I was present when that case was adjudged, but did not participate in its determination, being related to one of the parties. It carried the doctrine of possessory warrants very far, though I will not say that the decision was wrong, there being no question or controversy about the title to the property in dispute. But we all agree that it is not the remedy in this case. That Bealle has acquired a title to the cotton there can be no doubt, whatever private instructions were given by Tyus. Bealle was a *bona fide* purchaser; and, as to him, the factors had the power to sell the cotton.

There is another difficulty in the way of their proceeding. Tyus never seems to have tendered, or offered to pay, the $1,000 which Sims & Rust advanced him in January, 1863, nor to pay the expenses of storing the cotton. We think the Judge was right in not letting the case proceed in its present form.

Whether the plaintiff can maintain trover, or any other action against the defendants, we forbear to express any opinion.

Judgment affirmed.