## 7326.  MIMS *et al. v.* GILLIS.

The option contract on which this suit was based failed to identify the property which was the subject-matter of the contract; and the court did not err in dismissing the action on demurrer.

DECIDED DECEMBER 8, 1916.

Action on contract; from Worth superior court—Judge Cox. January 27, 1916.

*T. R. Perry, Claude Payton,* for plaintiffs.

*Pope & Bennet, J. B. Williamson, L. D. Passmore, J. H. Tipton,* for defendant.

WADE, C. J.   J. J. Mims, G. M, Pinson, and N. G. Houston brought suit against Mrs. Elizabeth Gillis, the same being an action for damages growing out of an option on land.   The plaintiffs alleged in their petition that on the 11th day of August, 1910, Mrs. Gillis, for value received, executed and delivered to the J. J. Mims Company (a partnership composed of J. J. Mims and O. L. Deariso) a thirty-day option on all of her real and personal property in the city of Sylvester, Georgia, which contract was as follows:

"Georgia, Worth County.   For and in consideration of one dollar, in hand paid, the receipt of which is hereby acknowledged, as well as in consideration of the sum of twenty-six thousand and five hundred and twenty-five dollars ($26,525.00) to be paid upon delivery of the deed, I hereby contract, agree and bind myself to sell and make to the J. J. Mims Company, or their assigns, good and sufficient warranty title in fee simple upon receipt of the aforesaid sum of purchase-money, at any time within thirty days from the date of this option, the following described land, situated.

lying, and being in Worth county, Georgia: All of my entire property according to my tax returns of 1909 and 1910, also the Central Hotel. This is meant to cover all of my real and personal property both of every description in the city of Sylvester, whether improved or unimproved. Now, if the aforesaid sum of money is not paid within said time, then this option to become null and void, otherwise in full force, and for the faithful performance of the covenants herein contained I bind myself by these presents. Witness my hand and seal, this 11th day of August, 1910.

"Witness: M. Dees. .                       Mrs. E. Gillis (L. S.)"

It is further alleged in plaintiffs' petition, that the defendant declined and refused to accept a tender of the sum necessary to pay her according to the terms of the option, and that she failed to comply with any part of her obligation and broke and repudiated her contract entirely, to the damage of petitioners; that on two separate and distinct occasions, and some time prior to the expiration of the option, the defendant informed the plaintiffs that they need not tender her the sum called for in the option, for the reason that she would not accept the same, and would not be able to abide by the terms of the option.

By way of amendment the plaintiffs set out the following list of property appearing on the tax-books of Worth as that belonging to the defendant: "The Central Hotel with two stores on the corner of Main and Railroad streets of the value of fifteen thousand ($15,000.00) dollars; three two-story buildings with stores of the value of nine thousand ($9,000.00) dollars; two vacant lots with brick thereon, etc., of the value of four thousand ($4,000.00) dollars; two-story boarding house on Kelley street of the value of thirty-five hundred ($3,500.00) dollars; thirteen residence buildings in the city of Sylvester owned by Mrs. E. Gillis at the time of giving her taxes in the year of 1909 of the value of thirteen thousand five hundred ($13,500.00) dollars; also two thousand ($2,000.00) dollars worth of furniture, and two thousand (2,000.00) in notes and accounts, making an aggregate sum of forty-nine thousand ($49,000.00) dollars."

The defendant demurred both generally and specially to the petition, and by way of general demurrer insisted that the alleged option was not sufficiently definite and certain, in its terms and in its description of the property, to set out a cause of action for

damages for the breach of the option contract. The trial court sustained the demurrer and dismissed the case, to which ruling the plaintiffs excepted.

This case turns upon the sole question whether or not the option was void for the want of sufficient description of the property claimed to be embraced therein. The statute of frauds requires all contracts for the sale of _land_ or any interest therein to be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized; and also that any contract for the sale of goods, wares, and merchandise in existence, or not in esse, to the amount of fifty dollars or more, shall be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Civil Code, § 3222 (4-7). The option under review purported to cover land and over fifty dollars worth of personal property, and therefore the statute of frauds applies. The entire contract should have been expressed in writing, since no material part thereof could be supplied by parol evidence. Every essential element of the sale should have been included in the option. One of these essentials is that the property intended to be conveyed should be described so as to be capable of identification. We do not mean to say that the property should be described with such precision that its location and identity would be apparent from the description alone. However, _the description should be sufficiently clear to indicate with reasonable certainty the property intended to be conveyed._ "Parol evidence can not be invoked in aid of a vague and uncertain description, but it is available, under the maxim id certum est quod certum reddi potest, to show the application of a description which itself furnishes a means of identification." _Tippins_ v. _Phillips,_ 123 _Ga._ 415, 417 (51 S. E. 410). On the other hand, if the property intended to be conveyed in the option is so imperfectly and indefinitely described that no particular property, either real or personal, is designated, parol evidence would not be admissible to supply a description. _Douglass_ v. _Bunn,_ 110 _Ga._ 159 (35 S. E. 339).

The property described in this option under consideration is: "All of my entire property according to my tax returns of 1909 and 1910, also the Central Hotel. This is meant to cover all of my real and personal property both of every description in the city of Sylvester, whether improved or unimproved." As we view

the option, it fails altogether to describe the property intended to be conveyed, and the only key to its location would be the tax-books of Worth county, and this, we think, is wholly insufficient. This conclusion is borne out by the amendment to the petition, which sets out the following list of property appearing on the tax-books as that of the said Mrs. E. Gillis, the defendant: The Central Hotel with two stores on the corner of Main and Railroad streets, of the value of $15,000; three two-story buildings with stores of value of $9,000; two vacant lots with brick thereon, etc., of the value of $4,000; two-story boarding house on Kelley street of the value of $3,500; thirteen residence buildings in the city of Sylvester owned by Mrs. E. Gillis at the time of giving her taxes in the year of 1909, of the value of $13,500; also two thousand dollars worth of furniture, and two thousand dollars in notes and accounts, making an aggregate sum of $49,000. It may be that some of the above items of property are so sufficiently and definitely described as to be capable of identification, but as to the majority of these items we do not hesitate to say that nothing could be more indefinite and vague. The contract was an entire contract, and consequently "the whole contract stands or falls together." Civil Code, § 4228. See also *Fletcher* v. *McMillan,* 132 *Ga.* 477 (64 S. E. 268); *Robson* v. *Harwell,* 6 *Ga.* 589 (6), 620. It was held in the case last cited that "A contract made for the sale of real and personal property, which is entire and founded upon one and the same consideration, if void in part is void in toto."

By way of example, let us consider the following item appearing in the plaintiffs' amendment: "thirteen residence buildings in the city of Sylvester owned by Mrs. E. Gillis at the time of giving her taxes in the year of 1909 of the value of $13,500." There is no attempt to name specifically each residence. No boundaries or monuments, either natural or artificial, are mentioned, to enable a court or jury to locate or identify them. Manifestly, therefore, this item does not satisfy the requirements of the statute. It is not an ambiguous description, but simply no description. Again, consider this item: "Two vacant lots with brick thereon, etc." Merely to read this item is to note how wholly indefinite, vague, and lacking in all necessary elements of any description it is. As in the item above referred to, there is no attempt to locate the lots by name or by boundaries. It is apparent that these items, as well

as the majority of the items set out in the amendment, contain no description sufficient to identify and point out any particular property.

In *Douglass* v. *Bunn,* supra, where the land was described in the writing as "424 acres in Tattnall county," the Supreme Court said that "Nothing could be more indefinite than this description; not the slightest key is furnished to locate the land." In *Gatins* v. *Angier,* 104 *Ga.* 386 (30 S. E. 876), the land was described as "a certain piece of land described as follows:  Commencing about one hundred (100) feet from the land-lot line on Mayson & Turner's road and extending along said road four hundred and twenty (420) feet and running back a uniform width to the Sims land," and the court held that this description was so indefinite and vague as to render it impossible to identify any particular land. In *Borum* v. *Swift,* 125 *Ga.* 198 (53 S. E. 608), it was held: "Where on the trial of an action for the breach of a written agreement for the sale and delivery of a given number of pounds of 'ribs' of the value, at the agreed price, of more than fifty dollars, the evidence showed that the term 'ribs' is ambiguous even to dealers in the general class of goods to which the alleged contract referred—there being several distinct kinds of 'ribs' known to the trade,—and that the plaintiff understood, from a parol agreement with the defendant, that the 'ribs' referred to in the writing were of a particular kind and of a given average weight, the writing did not sufficiently identify its subject-matter, nor contain the entire agreement, as required by the statute of frauds; and therefore the plaintiff could not recover." In *North* v. *Mendel,* 73 *Ga.* 400 (54 Am. R. 879), where the following memorandum was under consideration, "Mendel five bellies, eight.   Ehrlich offers seven-eights ten bellies lighter than last. . .   Sold account C. H. North & Co., Mendel, 5 bellies 8," it was held that "this was not a sufficient memorandum in writing to comply with the requirements of the statute of frauds, so as to bind Mendel & Brother as purchasers. It fails to set out the purchasers or the quantity and price of the article sold, and parol evidence was not admissible to supply these defects." See also *Nettles* v. *Charles P. Glover Realty Co.,* 141 *Ga.* 126 (80 S. E. 630).

It is needless to multiply authorities on this point. Before there can be a valid sale and purchase, there must be a subject-matter as

well as a price, and in order to satisfy the statute this subject-matter must be described in the writing.

We hold that the option which was the basis of this suit was void for the lack of sufficient description of the property intended to be conveyed; since the only key to the location of some of said property contained in the writing is "according to my tax returns of 1909 and 1910," and it is apparent from the plaintiff's amendment (which sets out a list of the property appearing on the taxbooks as that belonging to the defendant) that the words "according to my tax returns," etc., fail to identify all, if any, of the property intended to be conveyed. The trial court, therefore, properly sustained the demurrer and dismissed the suit.

<div align="right">

*Judgment affirmed. Hodges, J., absent.*