## 11579. HORINE *v.* HICKS.

STEPHENS, J. 1. In a contract for the sale of land, the following description is sufficiently certain for identification: " A certain tract or parcel of land lying in Fulton County, Ga., fronting 150 feet on Wesley Ave., 1763 feet, more or less, on what is known as the extension of Hemphill Ave. (being a new road between said tract and the property of Clark Howell), and 300 feet on Peachtree Battle Ave., containing 11.78 acres, and being in land lot 155 of the 17th district of said county, upon which there are situated a two-story house, barn and garage, a two-room servant's house, and other improvements, known as the ' Lee Worsham place.' " That is certain which is capable of being made certain.

2. In a suit for damages for breach of such a contract the petition is not subject to special demurrer upon the ground that the description of the property in the contract is too vague and indefinite.

3. The petition otherwise setting out a cause of action, it was improperly dismissed on general demurrer.

*Judgment reversed. Jenkins, P. J., concurs. Smith, J., dissents.*

DECIDED NOVEMBER 10, 1920.

Action on contract; from city court of Atlanta — Judge Reid. March 20, 1920.

The action was by Mrs. Louise de Give Horine against Mrs. M. P. Hicks, for damages on account of the alleged breach of a contract of the defendant to purchase from the plaintiff certain land known as the "Lee Worsham place" and further described in the language quoted in the foregoing decision. A demurrer to the

petition was sustained on "all the grounds thereof" except two, and the petition was dismissed by the court. In the grounds sustained it was contended: that no cause of action was set forth; that it does not appear from the petition that a valid or binding contract of purchase and sale was entered into; that the contract set forth in the petition was too vague, uncertain, and indefinite to be the basis of a recovery of damages; that the description of the property in the alleged contract was too uncertain; that the damages sued for were too remote and speculative; and that the expense of $60, alleged to have been incurred by the plaintiff for examination of title to property on West North Avenue, Atlanta, which under the contract the defendant was to convey to the plaintiff as part consideration, was not recoverable. The petition (omitting paragraphs eliminated by the court on special demurrer) alleges: The defendant has injured and damaged the plaintiff in the sum of $3,560, by reason of the following facts: On August 9, 1919, the plaintiff, through her duly authorized agents, Logan and Scott, entered into a written contract with the defendant by which the plaintiff agreed to sell to the defendant and the defendant agreed to purchase a certain tract of land, to which a good fee-simple title was vested in the plaintiff. The petition then gives the description of the land quoted in the foregoing decision and states the terms of sale, as contained in a copy of the contract, attached to the petition, and alleges that at the time of the signing of the contract the defendant paid $5 on the purchase-price. It is alleged: that in pursuance of the contract the plaintiff, at an expense of $60 as fee for examination of title, procured the Atlanta Title Guarantee Company to examine the defendant's title to the property on West North Avenue, described in the contract, and received from that company a report dated August 12, 1919, which showed that the title to that property was good in the defendant, subject to liens of about $3,000, and which satisfied the plaintiff as to the defendant's title, and the plaintiff at once reported to the defendant her willingness to proceed with the trade. The defendant thereupon finally and absolutely refused to comply with the terms of her said contract to purchase from the plaintiff the Lee Worsham place on the terms agreed upon between them, and in so refusing made no objection as to the sufficiency of the plaintiff's title to the property. "Defendant [plaintiff?]

caused notes to be prepared in her favor and all other papers to be prepared necessary to carry out said trade as set forth in said agreement of sale, and presented them in person to said defendant and demanded that she sign the same as she had agreed to do, offering at the same time to fully comply on her part with her agreements as set forth in said contract; and plaintiff alleges that defendant refused to sign said notes and to convey said West North Avenue property to plaintiff and to accept bond for title to said Lee Worsham property from plaintiff as agreed.'' The fair market value of the said Lee Worsham place at the date of the breach of the said contract was not more than $14,000, and the amount of damage incurred by the plaintiff by reason of the breach of contract is the difference between that sum and $17,500, the amount agreed to be paid to the plaintiff for the Lee Worsham place, to wit, $3,500, and the sum of $60, expense incurred in examination of the defendant's title to the property on West North Avenue as aforesaid. The plaintiff has demanded of the defendant payment of said $3,500 damages, and the defendant refuses and neglects to pay the same.

The contract attached to the petition was as follows:

"$5.00.                    Atlanta, Ga., August 9th, 1919.

" Received of Mrs.. M. P. Hicks five & no/100 dollars as part payment on a certain tract or parcel of land," described as in the foregoing decision, " said property having this day been sold to the above-named purchaser by Logan & Scott, agents for and on account of the owner, subject to examination of title, for the sum or consideration of seventeen thousand five hundred ($17,-500.00) dollars, on the following terms," stating the terms, which include a cash payment of $6,000, " to consist of the conveyance of" a described house and lot at No. 78 West North Avenue, Atlanta, the grantee's assumption of loans against the property, not exceeding $3,000, and notes  for the remainder, payable in stated amounts at stated times. " Each piece of. property above is sold subject to examination and approval of title.

(Signed)            " Jas. L. Logan and Henry B. .Scott,

                              " Agents for Owner.

" I hereby agree to purchase the above-described property for the price and on the terms stipulated above, provided the title is

good. If a marketable title can not be made within a reasonable time, the amount of this receipt shall be refunded.

(Signed) "Mrs. M. P. Hicks, Purchaser.

"The undersigned hereby assents to the foregoing agreement, and agrees to pay Logan & Scott the regular real estate commission for services rendered in making the above sale, only when said transaction is fully consummated and when warranty deed to No. 78 West North Avenue and the said notes [described] have been duly executed and delivered to me, provided title to said property is approved by Atlanta Title Guarantee Co.

(Signed) "Louise de Give Horine, Owner."

*J. A. Noyes,* for plaintiff, cited: As to description: *Walden* v. *Walden,* 128 *Ga.* 126; *Moody* v. *Vondereau,* 131 *Ga.* 522; *Ray* v. *Pease,* 95 *Ga.* 153; *King* v. *Brice,* 145 *Ga.* 65; *Andrews* v. *Murphy,* 12 *Ga.* 431; *Manning* v. *Mallard,* 144 *Ga.* 9; *Harriss* v. *Howard,* 126 *Ga.* 325; *McAfee* v. *Arline,* 83 *Ga.* 645; *Shackelford* v. *Orris,* 129 *Ga.* 791; *Brice* v. *Sheffield,* 118 *Ga.* 128; *Pearson* v. *Horne,* 139 *Ga.* 453; *Bush* v. *Black,* 142 *Ga.* 157; *Horton* v. *Murden,* 117 *Ga.* 72; *Summerlin* v. *Hesterly,* 20 *Ga.* 689; *Irby* v. *Gardner,* 56 *Ga.* 643; *Huntress* v. *Portwood,* 116 *Ga.* 351 (distinguished). As to damages: *Cowdery* v. *Greenlea,* 126 *Ga.* 786 (3); *King* v. *Brice,* 145 *Ga.* 65 (3), 69; *Brooks* v. *Miller,* 103 *Ga.* 713; *Irwin* v. *Askew,* 74 *Ga.* 582; *Sutton* v. *So. Ry Co.,* 101 *Ga.* 776; *Sappington* v. *Atlanta & West Point R. Co.,* 127 *Ga.* 178 (3).

*Norman I. Miller,* for defendant, cited: Civil Code (1910), § 4106; *Tippins* v. *Phillips,* 123 *Ga.* 417; *Gatins* v. *Angier,* 104 *Ga.* 386; *Richardson* v. *Perrin,* 133 *Ga.* 721; *Mims* v. *Gillis,* 19 *Ga. App.* 57; *Estes* v. *Winn,* 136 *Ga.* 344; *Clayton* v. *Newberry,* 138 *Ga.* 735; *Barnes* v. *Cowan,* 147 *Ga.* 478; *Huntress* v. *Portwood,* 116 *Ga.* 351; *Atlanta & LaGrange R. Co.* v. *Hodnett,* 29 *Ga.* 461 (2); *Pope* v. *Graniteville Mfg. Co.,* 1 *Ga. App.* 185; *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469 (4). Cases cited for plaintiff, supra, distinguished.

SMITH, J., dissenting. "In order to recover damages in lieu of a specific performance, when the latter cannot be had because the party has put it beyond his power by his conduct, it is essential that a case for specific performance should be made out." *Prater* v. *Sears,* 77 *Ga.* 28 (2). "The statute of frauds requires

all contracts for the sale of land or any interest therein to be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Civil Code [1895], § 2693, par. 4. Every essential element of the sale must be expressed in the writing, to meet the statutory requirement. One of the essentials is that the land must be so described that it is capable of identification. While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed." *Tippins* v. *Phillips,* 123 *Ga.* 415, 417 (51 S. E. 410). The contract in question in this case is too vague and indefinite in the description of the land to be the basis of a suit for damages for non-performance. No definite starting point is furnished by the terms of the contract. No surveyor could tell whether the fourth line was straight or crooked. The description does not say on what side of Wesley Avenue the land lies, nor in what direction Wesley Avenue runs. Neither does it say on which side of the extension of Hemphill Avenue the 1763 feet lie. The description is in other respects very vague and indefinite. See, in this connection, *Nettles* v. *Glover Realty Co.,* 141 *Ga.* 126 (80 S. E. 630) ; *Tippins* v. *Phillips,* supra; *Gatins* v. *Angier,* 104 *Ga.* 386 (30 S. E. 876) ; *Mims* v. *Gillis,* 19 *Ga. App.* 53, 57 (90 S. E. 1035). The court therefore, in my opinion, did not err in sustaining the general demurrer and dismissing the case.

ON APPLICATION TO ALLOW MOTION FOR REHEARING.

STEPHENS, J. 1. Where the remittitur has been regularly transmitted from this court to the trial court and before it has been filed in the trial court and the judgment of this court made the judgment of that court, the remittitur will not be recalled by this court at the instance of the losing party, for the purpose of allowing the filing of a motion for a rehearing, when it does not appear that the judgment of this court is wrong and has been inadvertently rendered. *Seaboard Air-Line Railway* v. *Jones,* 119 *Ga.* 907 (91 S. E. 115). See, in this connection, *Hawk* v. *Western & Atlantic Railroad Co.,* 146 *Ga.* 373 (91 S. E. 414).

2. The application of the defendant in error to recall the re-

mittitur and be allowed to file a motion for a rehearing is there-
fore denied.

    *Application denied. Jenkins, P. J., and Hill, J., concur.*