### 12486.  BROADWELL *v.* KIKER.

STEPHENS, J.   1.   Where, after the death of a testator and before the
probate of the will, and before the issuance of any letters testamentary
to the executor named in the will, who is vested with power to sell
certain real estate belonging to the estate of the testator, the executor
enters into a contract of sale with a purchaser who has full knowledge
of the above-recited facts, by which contract it is agreed that the execu-
tor is to sell and the purchaser is to buy such real estate, but where
it is further agreed that the executor is not to execute and deliver a
bond for title to the purchaser until a certain date in the future, which
date is designated and agreed upon between the parties because it will
occur after the executor shall have obtained letters testamentary, and
where the purchaser goes into possession under such contract and im-
mediately makes a payment on the purchase-price, and upon the arrival
of the designated date upon which it has been agreed that the executor
is to execute a bond for title to the purchaser, the executor has received
his letters testamentary, and offers to perform his obligations under the
contract and to execute to the purchaser a bond for title to the real
estate, such offer by the executor to perform, even if the original agree-
ment could be considered as void for lack of power in the executor at
the time to execute it, in the absence of any offer to rescind by the
purchaser, and especially in view of the purchaser's remaining in pos-
session, amounts to a ratification by the executor of the original agree-
ment, or to an acceptance by the executor of an outstanding offer to
purchase by the purchaser.   The right of the executor to make a sale
and to execute the necessary papers was confirmed by the retroactive
effect of the letters testamentary.   *Northington* v. *Farmers Gin Co.,* 119
*Ga.* 851 (47 S. E. 200, 100 Am. St. Rep. 210) ; Hatch *v.* Proctor, 102
Mass. 351.

2. A description of the land contained in the contract is sufficiently defi-
nite where the land is described as "all that tract or parcel of land
lying and being in the City of Atlanta, Georgia, being house and lot
known as No. 22 Alaska Ave., lot being 50 x 140 feet on the west side
of Alaska Ave., located 250 feet north of Highland Ave."   *Horine*
v. *Hicks,* 25 *Ga. App.* 802 (104 S. E. 922).

3. Where the executor offered to perform as above set out, a refusal by the

purchaser to comply with his obligations under the contract amounted to a breach.

4. This being a suit by the executor against the purchaser, to recover damages for such an alleged breach of the contract, the plaintiff's petition is good against the general and special demurrers' interposed, and the trial judge erred in dismissing the petition on demurrer.

> Judgment reversed. Jenkins, P. J., and Hill, J., concur.
> DECIDED MARCH 4, 1922.

Action on contract; from Fulton superior court — Judge George L. Bell. April 8, 1921.

*Etheredge, Sames & Etheredge,* for plaintiff.

*E. F. Childress, J. Caleb Clarke,* for defendant.