HARDIN, administratrix, *et al.* v. DOUGLAS *et al.*

214

No. 6418.  February 28, 1929.

*Thomas B. Higdon* and *Little, Powell, Smith & Goldstein,* for plaintiffs.  *J. K. Jordan,* for defendants.

Hill, J.  Mrs. Kate G. Hardin, as administratrix on the estate of Mrs. Anna E. Gramling, brought ejectment against E. Lee Douglas as the real defendant, and certain tenants in possession, to recover two lots of land in the City of Atlanta, one of which will be hereafter referred to as the Simpson Street property, and the other the West Peachtree Street property.  Douglas answered, setting up title to the property in controversy by virtue of a deed executed to him by Mrs. Gramling, plaintiff's intestate, on June 6, 1911.  The plaintiff contended that this deed was void for the reason that it was made as security for a debt owing by Mrs. Gramling to the defendant, and that the debt was usurious in that more than the legal rate of interest was charged and reserved by the creditor, E. L. Douglas, against Mrs. Gramling; and further that the issue on the question of the debt being an usurious one had been actually litigated and determined between Mrs. Gramling

and her privies, in a suit brought in the superior court of Fulton County, wherein E. L. Douglas was plaintiff and Mrs. Gramling originally was the defendant. On account of the death of Mrs. Gramling her testatrix was made party defendant, and in that case the issue was made and determined, and on September 29, 1916, a general verdict was rendered on said issue in favor of Mrs. Hardin, and a general judgment founded thereon was accordingly entered; wherefore it is contended that Douglas is estopped from asserting that the deed under which he claims title is valid. The defendant denied all of the allegations of the plaintiff's petition; and set up that on or after September 1, 1911, and before the filing of the present suit, he made certain improvements upon the Simpson Street property in the nature of repainting, repairing, renewing all plumbing, carpenter work, installing water-heaters, and entirely renovating the houses and increasing the value thereof in the sum of $1200. He also alleged, as to the Simpson Street property, that on June 6, 1911, he purchased the property from plaintiff's intestate and paid the price agreed upon. As to the West Peachtree Street property, he says that he is still in bona fide possession, that the lot was vacant and unimproved until on or about September 1, 1917, when he completed improvements on it consisting of a brick building permanent in its character, of the value of $20,000; that before the improvements the lot brought in no rent, but was a source of expense; and that since said improvements the rental value of same has been $225 per month gross. The defendant also contends that he received two warranty deeds in fee simple to the property in controversy from Mrs. Gramling, plaintiff's intestate, and at the same time gave an option whereby he agreed to sell this property to Mrs. Gramling and Mrs. Hardin on or before September 1 following, for the amount paid for the property plus $1200. In the option it was stipulated: "It is the intention of the parties that the above deeds represent an actual bona fide sale, and that it is not to be considered as a loan. The said parties of the first part [Mrs. Gramling and Mrs. Hardin] hereby waive and renounce for themselves, their executors, administrators, heirs and assigns, all right, title, and interest in and to the property as described, subject only to the above option, of which time is made the essence of the contract." This option was signed by Mrs. Gramling, Mrs. Hardin, and Douglas, and was at-

tested by Mrs. Gramling's attorney at law, and by a notary public. Upon the trial the jury returned a verdict for the defendant. The plaintiff filed a motion for new trial, which was overruled, and she excepted. Other facts appear hereinafter.

■ The motion for new trial contains fourteen special grounds, nine of which complain of certain excerpts from the charge of the court to the jury, four of refusals to charge, and one of the admission of certain documentary evidence. Ground 6 is as follows: "Because, as movant contends, the court erred in charging the jury: 'The court instructs you that a determination of a subject-matter in a former suit between the same parties, by a court of competent jurisdiction, should be an end to litigation. A judgment in a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters actually made and determined which were in fact and necessarily decided by the court. The court instructs you that if the judgment in a former case would have been reached without the point in issue in the latter case being directly or necessarily passed upon, the judgment in the former case would not be conclusive on that point. The real question is, was the identical issue involved, and was it material, or could judgment have been reached without directly and necessarily passing upon the question? The court instructs you that parol evidence is permissible to show that a matter apparently covered by the judgment of a court was really not passed on by the court, and that parol evidence is permissible to show just what issue was passed on by the court. And the court instructs you that if you find from the evidence in this case that Douglas hitherto brought suit against Mrs. Gramling, which was defended by Mrs. Hardin as administratrix, and that the issue was raised and litigated between said parties in that case as to whether a deed made by Mrs. Gramling to Douglas in June, 1911, was void or not, and on that issue the jury found in favor of Mrs. Gramling, or her administratrix, and judgment was accordingly rendered thereon, and if that question was actually decided by that jury, necessarily decided, then, in that event, it would be the duty of the jury in this case to consider such judgment as absolute and binding on you, and you would not be authorized to find that said ( ?) was good or valid irrespective of what you gentlemen trying this case might yourselves believe as to that issue. In other words, if

that question was passed upon in the other case, under the instructions that I am just giving you, this court and this jury would be bound by that decision in the other case.' Said charge being error because it instructed the jury that in order for an estoppel by judgment to operate, it was necessary that the point in question not only was actually decided in the previous action between the parties, but also must have been necessarily decided; whereas, under the law, even though there were many issues raised in the former action, if the point in controversy was actually decided, an estoppel by judgment as to that particular point or issue is raised under the law."

The general rule is that in order for a former judgment to bind parties in a subsequent suit by way of estoppel as to any fact, it must appear from the judgment in the former suit, or by extrinsic evidence, that such question of fact was within the issues of the former action, and was actually litigated and determined in such action. But if such judgment and extrinsic evidence leave it as a mere matter of conjecture as to what questions of fact were litigated and determined in the former action, the judgment is not an estoppel. *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650) ; Augir *v.* Ryan, 63 Minn. 373 (65 N. W. 640). It is true that one of plaintiff's witnesses testified that the only issue in the former case was whether the transaction with reference to the property was a loan or a sale. But Douglas contended that there were several issues in that case, among them being an issue as to whether or not there were any funds in the sheriff's hands not consumed by claims of higher dignity; whether or not Douglas had paid the taxes or any of them at the time of the institution of the suit; whether or not he had agreed to pay these taxes at the time he received Mrs. Gramling's deed; whether the suit could be maintained to recover a judgment for taxes that automatically would go to judgment without suit; whether each lot was or was not liable for its own taxes; whether or not these taxes were actually assessed and unpaid; whether or not his payments of these taxes were voluntary; whether or not a suit for breach of warranty can be maintained for the voluntary payment of taxes, if she was not ousted from the premises. It did not appear upon what issue the verdict in favor of the defendant was founded, it being generally for the defendant. It was incumbent

upon the plaintiff, in order to establish estoppel by judgment, to prove by extrinsic evidence that it was founded upon facts in issue on the trial. Let us see what the issues in the former case were. The action was brought in May, 1923, by E. L. Douglas against Mrs. Gramling, C. W. Mangum, sheriff, and J. M. Fuller, marshal of the City of Atlanta, and was continued against Mrs. Gramling's administratrix, Mrs. Hardin. It was tried, and terminated in a verdict and judgment in favor of the defendant at the September term, 1916. The petition in that case alleged that on June 6, 1911, Mrs. Anna E. Gramling had made to Douglas certain warranty deeds conveying the premises in dispute (both of which deeds were introduced in evidence in the present case); that the City of Atlanta had issued against Mrs. Gramling an execution for taxes including the taxes not only on these two pieces of property, but also on another piece of real estate that Mrs. Gramling owned; that the city marshal was about to levy this fi. fa. upon one of the pieces of property which Douglas had bought; that this would be illegal, since the levy ought to be upon the other property of Mrs. Gramling, at least as to the portion of the taxes which was due on the other property; that so far as the execution constituted a lien on the property which he had bought from Mrs. Gramling, it amounted to a breach of warranty; and that C. W. Mangum, sheriff, had in his hands certain moneys belonging to Mrs. Gramling. The petition of Douglas prayed that the marshal be enjoined from seizing the property which he had bought, and selling it for the taxes on the other property; that he have judgment against Mrs. Gramling for damages caused by the breach of her warranty; and that the money in the hands of the sheriff be appropriated toward paying any amount that he should recover against Mrs. Gramling. By amendment Douglas withdrew the allegations of illegality of the tax fi. fas.; alleged that he had been compelled to pay them, and that this constituted a breach of the warranty in the deeds; and prayed that he have judgment for the amount he had been required to pay to discharge the property from the lien of the city fi. fa. Mrs. Hardin, administratrix, demurred to this amendment, on the ground that payment of the tax fi. fa., made after the suit was brought, could not be set up as a breach of the warranty. The court overruled the demurrer, and allowed the amendment. In her answer Mrs. Hardin, ad-

ministratrix, admitted the execution of the deeds; averred that for lack of sufficient information she could neither admit nor deny the issuance of the tax fi. fas., and the payment of the State and county taxes, but she denied liability for the same; and averred that the deeds in question were void, because they were infected with usury, and made as part of a usurious transaction, in that they were given to secure a loan of money by Douglas to Mrs. Gramling in the sum of $10,474.24, for which they agreed to pay him $1200 interest from June 6, 1911 to September 1, 1911. Mangum, sheriff, admitted having in his hands the money referred to in the petition. There were two verdicts, one in favor of Mrs. Hardin, administratrix; the other in favor of Mangum, sheriff. J. M. Fuller, city marshal, had been stricken as a defendant. Judgment was rendered on each verdict, on September 29, 1916, "in favor of the defendant, and for costs against the plaintiff."

It is insisted by learned counsel for the plaintiff that when she, as defendant in the former suit, introduced in evidence the record and judgment in that case, "the result was exactly the same as if she had introduced in evidence a deed from Douglas to her as of the date of the former judgment." This might be true if the *sole issue* in the first suit was as to whether the deeds from Mrs. Gramling to Douglas on June 6, 1911, were void as being security deeds tainted with usury. But as pointed out previously, and from a perusal of the former record, it appears that there were other issues involved in that case; and therefore the former verdict and judgment will not work an estoppel, where it does not appear from the verdict and judgment on what particular issue the verdict and judgment were founded. Estoppels are not favored by our law. Civil Code (1910), § 5736. "If such judgment and extrinsic evidence leave it a matter of conjecture as to what questions of fact were litigated and determined in the former action, the judgment is not an estoppel." *Draper* v. *Medlock,* 122 *Ga.* 243 (50 S. E. 116, 69 L. R. A. 483, 2 Ann. Cas. 650); *Callaway* v. *Irvin,* 123 *Ga.* 344, 345, 350, 351 (51 S. E. 477); *Bonds* v. *Brown,* 133 *Ga.* 451 (66 S. E. 156); *Evans* v. *Birge,* 11 *Ga.* 265, 272; *Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037, 9 Ann. Cas. 341). We are of the opinion that in view of the former record, and of the authorities cited, the excerpt from the charge of the court was adjusted to the issues in the case, and was not error for any reason assigned.

■ Grounds 11 and 12 of the motion for new trial complain because the court refused the following timely requests to charge; (a) "I charge you that before a city can seize and sell property. for the purpose of compelling payment of municipal taxes, all the terms and prerequisities of the statute giving the power must be strictly pursued." (b) "A deed purporting to be made as the result of a tax sale for city taxes is not valid unless it is based upon a valid excution and a valid levy of that execution. There should appear that there has been a valid levy and at least a prima facie regular sale, or any tax deed purporting to be made in .pur- suance thereof does not pass title. There must be a formal entry of levy describing the property with reasonable certainty. If the entry of levy is so indefinite that the land levied on can not be identified, the levy is void." The defendant had introduced in evidence, without objection, a tax deed with entries thereon, headed "State of Georgia, Fulton County, City of Atlanta," dated May 2, 1911, and between J. M. Fuller, marshal of the City of Atlanta, of the first part, and the City of Atlanta of the second part. It recited: "the said J. M. Fuller, as marshal aforesaid, did on the 1st day of April, in the year nineteen hundred and eleven, levy on a certain lot of land and the improvements thereon (notice of said levy having been given according to law), situate, lying, and being in the City of Atlanta, State and county afore- said, in ward 6, land lot 78, in the 14th district of originally Henry, now Fulton County, Georgia, fronting 40 feet on the south side of Simpson Street, between West Peachtree and Spring Streets, and running back 100 feet, more or less, in a southerly direction, the house on said lot known as No. 22 on said street, according to street numbers, the same being improved property in the City of Atlanta, Georgia, adjoining the property of Porter, under and by virtue of an execution issued by the clerk of council of the City of Atlanta, Georgia, against said Mrs. A. E. Gramling and said property for city taxes 1910. And after publicly advertising said lot of land agreeably to law, said marshal did put up and expose the same to sale at public outcry on the first Tuesday in May, nineteen hundred and eleven, at the door of the Fulton County court-house, in the City of Atlanta, within the legal hours of sale, first offering for sale————feet front of said lot, and receiving no bid from any one therefor, next offering 10 feet front of said

lot, and receiving no bid from any one therefor, next offering the whole of said lot, and receiving no bid from any one therefor; when, no one present having bid for either parcel, or the whole of the property put up to be sold, as much as the tax for which it was proposed to sell the same and the cost due thereon, after each parcel and the whole of the same had been cried a reasonable time, said lot of land was knocked off to said City of Atlanta, and for the sum of three hundred fifty-seven dollars and 44/100 cents, said City of Atlanta being the highest bidder. Now, for and in consideration of the premises and of the said sum of three hundred fifty-seven dollars and 44/100 cents, in hand paid to said marshal by said City of Atlanta (at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged), the said marshal hath granted, bargained, and sold, and by these presents doth grant, bargain, and sell (so far as the office of marshal authorizes him), unto the said City of Atlanta all of the right, title, and interest of said Mrs. A. E. Gramling in said lot of land, in as full and ample manner as the said Mrs. A. E. Gramling might have done, with all the rights, members, and appurtenances thereunto in any manner belonging or in anywise appertaining, to said city lot to said City of Atlanta and its own proper use, benefit, and behoof forever." This was duly signed and attested.

The fi. fa. was as follows: "State of Georgia, Fulton County, City of Atlanta. To the Marshal of the City of Atlanta, greeting: You are hereby required, that of the goods and chattels, lands and tenements of Mrs. A. E. Gramling, you cause to be made by levy and sale sufficient thereof to make the sum of three hundred twenty-five dollars and sixty-nine cents, the amount of her city tax for the year 1910; also the further sum of four 35/100 dollars, for interest to October 15, 1910; also the further sum of fifty cents for this fi. fa., and a sufficient amount to cover interest on said principal tax at the rate of seven per cent. per annum from October 15, 1910, until settled, together with all costs that may hereafter accrue; and have you the said sums of money before me on the first day of January next, in payment of said tax and costs, and have you then and there this fi. fa. Witness the Honorable Robt. F. Maddox, Mayor. Given under my hand and official signature this 17th day of October, 1910. C. E. Adams, (L. S.) Deputy Clerk of Council." The entry of levy was as follows:

"Georgia, Fulton County, City of Atlanta. Levied the within fi. fa. on the following described property, to wit: A certain lot in the City of Atlanta in ward 6, land lot 78, in the 14th district of Fulton County, Georgia, fronting 40 feet on the south side of Simpson St. ——— between W. P'tree and Spring Streets, and running back 100 feet, more or less, in a southerly direction, the house on said lot known as No. 22 on said street according to street numbers, the same being impd. property in the City of Atlanta, Georgia, adjoining Porter. Levied on, as the property of Mrs. A. E. Gramling, to satisfy fi. fa. in favor of the City of Atlanta against said lot and against said Mrs. A. E. Gramling, for city taxes for the year 1910."

The defendant also introduced in evidence a warranty deed from Mrs. Anna E. Gramling to E. L. Douglas, dated and recorded on June 6, 1911, conveying to the grantee, for the consideration of $7,773, the lot in controversy, fronting 50 feet on west side of West Peachtree Street and running back 132 feet. Also a warranty deed from Mrs. Anna E. Gramling to E. L. Douglas, dated and recorded on June 6, 1911, conveying to the grantee, for the consideration of $3901.17, the lot in controversy, fronting 50 feet on the south side of Simpson Street and extending back 126 feet. Also a quitclaim deed from Mrs. Kate G. Hardin to E. L. Douglas, dated June 6, 1911, and duly recorded, quitclaiming and conveying to the grantee, for the consideration of one dollar, both the West Peachtree Street lot and the Simpson Street lot above described. The court stated the contentions of the parties, and charged the jury, in part, as follows: "The court instructs you that in an ejectment suit like this, for the plaintiff to recover she must recover on the strength of her own title, and not on the weakness of the defendant's title. In other words, if the plaintiff in an ejectment suit shows the same sort of title in herself, but not sufficient title to recover on, if the defendant introduced no evidence, then the plaintiff could not recover by showing that the defendant had no title. The plaintiff in an ejectment case must make out a prima facie right to recover against the defendant, by showing that the defendant holds under the same common source of title as the plaintiff herself, and that the defendant's alleged title, as derived from that source, is void. The defendant may show an outstanding title in another person than the plaintiff, provided the defend-

ant is connected with that title [and it] existed before this suit was brought; and if such outstanding title, under those circumstances, is superior to the plaintiff's title, then the plaintiff could not recover. Now, relative to the contention between these parties as to whether or not these deeds of June 6, 1911, are valid, the court instructs you that the maker of a deed absolute under [on?] its face may show by parol that it was intended as security only, provided the maker remains in possession. And the court instructs you that the two deeds of June 6, 1911, are absolute upon their faces." "The court instructs you, relative to tax deeds of the City of Atlanta, in covering [conveying] the Simpson Street property, which has been introduced in evidence, and which is one of the contentions and issues in this case, that to levy an execution upon property which, at the sale, should reasonably bring a sum as large or more than the amount of the fi. fa., when the property of the defendant in fi. fa. is fairly capable of division into smaller parcels without impairing their value, and so that a sale of only a portion of the property would probably produce a sum sufficient to satisfy the execution and costs of sale, under those circumstances was a gross fraud so as to render the levy void, and a tax sale made under such levy would be void. So, if you gentlemen believe all of those things existed, you would be justified in determining that that tax sale of the Simpson Street property, whereby the City of Atlanta acquired title, was void. If you do not believe those things, then it would be proper for you to hold that it was valid. The court instructs you that a deed to land in this State must, to be valid, be made on a good or valuable consideration, and that the consideration of a deed may always be inquired into when the principles of justice require it. The recital in a deed of the receipt of the purchase-money does not estop the maker from denying the fact and proving the contrary. Relative to the tax deed to the City of Atlanta of the Simpson Street property, I instruct you that the defendant can defeat the plaintiff's title or right of recovery by showing an outstanding title in a third party, provided he is connected with that title, and provided that that title existed before this suit was filed; and I further instruct you that one who is bound to pay the taxes on property can not take advantage of such a tax sale or by purchasing from one who has purchased at such sale. It is the contention of the plaintiff in this case that

the defendant obligated himself to pay the taxes for which the tax sale involved in this case occurred, and that Mrs. Gramling turned over to him the right to receive certain moneys to be applied to that purpose. If this contention is found by you to be true, then even if the property was subsequently sold for those taxes and the defendant directly or indirectly became connected with that tax title, the defendant could not set up the same or take advantage thereof as against Mrs. Gramling or her administratrix." In view of the entire charge, and the evidence which showed that the tax sale was regular and that all the necessary steps toward a legal sale were taken, it was not erroneous to refuse to give the requests in charge.

Error is assigned, in ground 14 of the motion for new trial, in admitting to the jury, over the objections of the plaintiff, the tax fi. fa. issued by the City of Atlanta, together with the levy entered thereon, and the tax deed from J. M. Fuller, marshal of the City of Atlanta, copies of which are set ·out in the previous part of this opinion. The grounds of objection presented were: (a) That the fi. fa. was void, and the deed made thereunder was void. (b) Because neither the fi. fa. nor the deed described the property as being the same property as that contained in the declaration; and the description in the deed and in the fi. fa. was void, because insufficient to identify any particular property. (c) That neither the deed nor the fi. fa. showed that the prerequisites to the issuance of a fi. fa. for city taxes had been complied with. (d) That neither the deed nor the fi. fa. shows that the prerequisites to the purchase of property by the City of Atlanta under tax sale had been complied with, it being specially pointed out that the City of Atlanta can only bid off property when nobody else bids as much as the tax and the cost, i. e., the amount of the fi. fa., against it. (e) That there was no proof that the property was ever advertised, and no proof that it was ever exposed to sale in the manner required by law; and that there was no presumption on behalf of a fi. fa. issued for municipal taxes that the prerequisites of the law had been complied with. (f) That there was no evidence that the person in possession of the property was given any notice as required by law, as condition precedent to the sale. (g) That the fi. fa. on its face showed that the property was redeemed by Lee Douglas by the payment of $464.75 on March 25, 1914. (h)

That the deed and fi. fa. are irrelevant to any issue involved in the present case. (i) That the fi. fa. on its face shows it was paid off by Lee Douglas. (j) That the fi. fa. was issued by a deputy clerk of the city council, and the deputy clerk had no authority to issue the fi. fa. (k) That it appeared that the levy was void, because it contained no sufficient description of the property. The following additional grounds were later presented on motion to exclude the fi. fa. and marshal's deed: (1) That it appeared from the evidence undisputedly that the levy was excessive. (m) That it appeared from the evidence that the levy was indiscreet and illegal and void, because levied on property in such a way as to cut off a portion of a house and a portion of a room of a house located on a lot of land, and so as to cut off walls and leave a portion. of the house without walls, and also because it goes through and cuts off a portion of a servant's house; this objection being specifically made to the deed. (n) The defendant having introduced in evidence a quitclaim deed from the City of Atlanta to himself, the effect of this quitclaim was to constitute a redemption of the property from the tax sale, and the tax deed no longer constituted any title effective as against plaintiffs in this suit.

The description in the entry of levy, in the fi. fa., and in the deed, are hereinbefore set out. We are of the opinion that the description of the property on Simpson Street was sufficient. No question is raised as to the description of the West Peachtree Street property. If the description is sufficiently definite to enable the levying officer to ascertain the property, it is sufficient. See *Stokes* v. *Georgia*, 46 *Ga.* 412 (2), 413 (12 Am. R. 588). This court has held that a description which can be made certain will be treated as sufficient. *Ray* v. *Pease*, 95 *Ga.* 153, 169 (22 S. E. 190); *Horton* v. *Murden*, 117 *Ga.* 72, 76 (43 S. E. 786); *Boggess* v. *Lowry*, 78 *Ga.* 539 (3 S. E. 771, 6 Am. St. R. 279); *Burson* v. *Shields*, 160 *Ga.* 723 (129 S. E. 22); *Hawkins* v. *Johnson*, 131 *Ga.* 347 (62 S. E. 285); *Wiggins* v. *Gillette*, 93 *Ga.* 20 (2) (19 S. E. 86, 44 Am. St. R. 123). One of plaintiff's witnesses, Dr. Gramling, testified that this lot was known as 22 Simpson Street. The defendant also testified that the above street number designated this particular lot. It was also in evidence that the Simpson Street property was enclosed by a fence. The City Code of Atlanta of 1924, § 121, provides: "Deeds made by the City of

Atlanta, or its mayor, or its marshal, pursuant to tax sale or sales under executions issued for the collection of local assessments, shall be admissible in evidence on the same terms as deeds made pursuant to sales for taxes to the State and County." "A description of the land contained in the contract is sufficiently definite where the land is described as ' all that tract or parcel of land lying and being in the City of Atlanta, Georgia, being house and lot known as 22 Alaska Avenue, lot being 50x140 feet on the west side of Alaska Avenue, located 250 feet north of Highland Avenue.' " *Broadwell* v. *Kiker*, 28 *Ga. App.* 279 (111 S. E. 62) ; *Horton* v. *Murden*, supra. It is true that the municipal tax deed which the defendant introduced in evidence related only to a portion of the land in dispute—the Simpson Street property, and learned counsel for plaintiff in their brief concede that "if the admission of this deed and the court's charge upon the effect of it were the only error in the case, such error would not be cause for reversal." But learned counsel insist that "if the tax is in fact paid, the tax deed is void;" citing *Rish* v. *Ivey*, 76 *Ga.* 738 (2) ; *Livingston* v. *Hudson*, 85 *Ga.* 835 (5) (12 S. E. 17) ; *Nalley* v. *McManus*, 135 *Ga.* 713 (2) (70 S. E. 255). The facts of the present case distinguish it from the cases cited. There can be no question as to the Simpson Street property. All the facts and circumstances tend to show that the title to that passed to Douglas; and we are of the opinion also that the jury was authorized to find for the defendant as to both lots in controversy. We are of the opinion that the documentary evidence offered was not inadmissible on the ground that the description of the property was too vague and indefinite, or for any other reason assigned; and the tax deed was properly admitted as showing title out of plaintiff's ancestor, Mrs. Gramling to the Simpson Street property.

■ The evidence authorized the verdict; the charge was full and fair; and none of the grounds of the motion for new trial show cause for reversal.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

ATKINSON, J., concurs in the result.