29359. CRAVEY *v.* DRUGGISTS CO-OPERATIVE ICE-CREAM CO.

910

DECIDED MARCH 20, 1942.   REHEARING DENIED APRIL 3, 1942.

912

*Herman Talmadge, Fraser & Irwin,* for plaintiff.
*Augustine Sams, Grigsby H. Wotton,* for defendant.
STEPHENS, P. J.   (After stating the foregoing facts.)   ■   The

court did not err in sustaining the special demurrer and in striking the allegation of the petition with reference to attorney's fees. The lease contract between the parties had terminated. There is no allegation in the petition that there was a renewal thereof or an extension. The allegations are to the effect that the defendant agreed with the plaintiff that it would pay the plaintiff the monthly rental specified by the lease for each month occupied by it after the expiration of the lease. This was not for a definite period, and indicated that the parties at the time of this oral agreement did not know for how many months the defendant would continue occupying the premises. The provision of the lease for the payment of ten per cent. attorney's fees refers to any rent which may become due during the occupancy of the premises by the defendant under the written lease.

■ "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Granting but not deciding that the issue whether the defendant was indebted to the plaintiff for the rent now sued for could have been determined in the possessory proceedings brought by the defendant against the plaintiff for the possession of machinery which was in the building on the rented premises, and which the plaintiff would not permit the defendant to remove because he claimed back rent to be due, and because he claimed the machinery was so attached to the building as to be a part thereof (see *Trotti* v. *Wyly*, 77 *Ga.* 684; *Wadsworth* v. *Olive*, 53 *Ga. App.* 539, 186 S. E. 590; *Garmany* v. *Rust*, 35 *Ga.* 108; *Monk* v. *Gay*, 3 *Ga. App.* 356, 59 S. E. 1117; *Tyus* v. *Rust*, 34 *Ga.* 382), it does not conclusively appear that the judgment for the defendant in the possessory-warrant case was an adjudication that it was not indebted to the plaintiff, Cravey, for the rent now sued for. The burden was on the defendant to show that the question of rent was necessarily or actually determined in the possessory-warrant case. The evidence did not conclusively and with certainty show this. *Phillips* v. *Hightower*, 190 *Ga.* 785, 790 (10 S. E. 2d, 854) ; *Johnson* v. *Lovelace*, 61 *Ga.* 62; *Hardin* v. *Douglas*, 168 *Ga.* 213 (147 S. E. 506). "A judgment rendered in litigation between the same parties is

not conclusive in a subsequent suit between them on a different cause of action, except as to issues actually made and determined in the former litigation." *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797) ; *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650).

"If such judgment and extrinsic evidence leave it as a mere matter of conjecture as to what questions of fact were litigated and determined in the former action, the judgment is not an estoppel." *Hardin* v. *Douglas,* supra, citing *Draper* v. *Medlock,* supra. The foregoing principles apply to a case where there are involved two or more defenses, and it does not appear upon what issue the judgment for the defendant was founded. It appears from the record and evidence that the plaintiff defended the possessory warrant on the ground that he considered the machinery a part of the building which could not be removed without injury to the freehold, and on the ground that the defendant was indebted to him for back rent. He testified that for these reasons he had possession of the machinery and had not permitted the defendant to remove it. The judgment in the possessory-warrant case does not indicate on which issue it was founded, and it was not, under the facts of this case, an adjudication on the question of the liability of the defendant to the plaintiff for rent. Under these circumstances it was incumbent on the defendant, in order to establish an estoppel by the judgment in the possessory-warrant case, if it otherwise was an estoppel or adjudication, to prove by extrinsic evidence that it was founded upon the question at issue in the present suit. See *Draper* v. *Medlock,* supra. "Where a question comes collaterally before a court, and a judgment is rendered in the case, and it does not appear except by inference from the judgment and the pleadings [and evidence] that the question collaterally made was actually passed upon, the judgment will not be conclusive on the trial of another case between the same parties involving the same question." *Barnes* v. *Brown,* 133 *Ga.* 451 (66 S. E. 156).

The issue as to any indebtedness for rent was not actually put in issue in the possessory-warrant proceedings, and under the rules of law such could not have been put in issue in that proceeding. On the trial of a possessory warrant, as stated in Code § 82-202, "possession is the only issue to be tried." *Mann* v. *Waters,* 30 *Ga.* 207, 209; *Trotti* v. *Wyly,* supra. It follows that the issue as to

rent was not presented unless it was actually litigated in such proceedings and determined in the judgment. Such issue was not adjudicated in the possessory-warrant proceedings.

Nothing here is in conflict with *Tyus* v. *Rust,* supra, *Garmany* v. *Rust,* supra, and *Jenkins* v. *Flournoy,* 157 *Ga.* 618 (122 S. E. 309). In these cases the issue of indebtedness was actually presented and adjudicated.

It was not error to admit in evidence the pleadings and the evidence in the possessory-warrant proceedings, or to overrule the general demurrer to the plea of res judicata. The court erred in sustaining the plea of res judicata, and in directing a verdict therein for the defendant.

*Judgment reversed in part and affirmed in part. Sutton, J., concurs.*

FELTON, J., concurring specially. I concur in the ruling in division 1 of the opinion. The special plea was in reality a plea of estoppel by judgment, and did not allege specifically and unqualifiedly that the matters in issue in the instant case were actually adjudicated in the former case. I think the demurrer to the special plea should have been sustained.