No. 45.—L. PITTS and another, administrators, &c. plaintiffs in error, *vs.* NATHAN F. HOOPER, defendant in error.

[1.] An answer is not sufficiently full, unless the defendant, according to the best and utmost of his knowledge, recollection, information and belief, makes a full, true and direct response to all and singular the several matters con-

tained in the bill, and that as particularly as if there were an interrogatory to him, founded on each separate matter.

In Equity, in Houston Superior Court.   Exceptions to answer.   Decision by Judge HARDEMAN, May Term, 1854.

Hooker commenced suit against the administrators of William J. Coalson and Joseph Tooke, on a note for $4,500, dated the year 1845.   The defendants in those cases filed a bill enjoining Hooker from prosecuting the same.   This bill professed to give a history of all the transactions between Hooker and Coalson, commencing with the purchase of a tract of land in 1836, and continued down to the death of Coalson.   The bill alleged, specifically and minutely, sundry usurious transactions between these parties, and by interrogatories, called the attention of the defendant particularly to the specific usurious transactions alleged.   To the bill were annexed, as exhibits, copies of various letters from Hooker to Coalson, dated at various times during these transactions, and many expressions in them were charged to refer to usurious interest paid; and the defendant was called upon, in his answers, to explain their meaning.   The object of the bill was to seek discovery of the usurious interest, paid during the various transactions between Hooker and Coalson—the amounts, dates, and the appropriation thereof.

The answer of Hooker admitted that he had various transactions with Coalson, in his lifetime, and that he had received some usurious interest from him, which he set out in his answer, as to amount and time.   He added, that it was utterly impossible for him, after the lapse of so many years, to answer, with any accuracy, the various and complicated interrogatories contained in the complainant's bill of complaint; that it was eighteen years since he made the contract with Coalson; that defendant is a plain farmer, unacquainted with the management of business matters—keeps no books, and does not preserve his correspondence; that he is considerably advanced in years, and his memory frequently at fault; that the intercourse between him and Coalson was of the most friendly character, and

that it was impossible for him to detail their various transactions; that since receiving a copy of the bill (he lived in North Carolina) he had sought, diligently, to get together all the letters he had received from Coalson; and that he attached to his answers all that he had found; that he also attached every paper in his possession, touching the transactions referred to.

To this answer the complainants filed thirty-nine exceptions, for insufficiency, in not answering the several specific interrogatories in the bill.

The presiding Judge over-ruled the exceptions, and held the answer to be sufficient. Error has been assigned on each exception, and on the general order.

WARREN & HUMPHRIES, for plaintiff.

GILES, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The answer in this case labors under one general defect. The responses which it makes to the allegations and interrogatories in the bill, are, for the most part, too *general*. They do not meet the allegations and the interrogatories, allegation by allegation, interrogatory by interrogatory. The answer is not, by a great deal, as particular and minute as the bill is.

The answer is defective too, but in a less degree, in not setting forth, in some instances, the *belief* of the defendant.

It is true that the bill is so drawn as to make it a most tedious affair to answer it well. The statement of facts is not thrown into paragraphs; kindred, if not the same topics, are sometimes inserted in separate places; the interrogatories run even on, like the statement, with scarcely a break in them; still, the bill is such an one as must be well answered.

The question, whether an answer is sufficiently full or not, may be determined by comparing the answer with the sort of answer which the bill, itself, calls upon the defendant to make. In *Daniel's Chancery Practice*, it is said that "the nature of

the answer which a plaintiff has a right to require from each defendant upon the record, is sufficiently shown by the form of words made use of in the bill for requiring an answer, viz: "that the defendant may, upon his corporeal oath, according to the best and utmost of his knowledge, recollection, information and belief, full, true, direct, perfect and sufficient answer make to all and singular the several matters and things hereinbefore contained; and that as fully and particularly as if the same were here again repeated, and he thereunto severally and distinctly interrogated'". (2 *Darl. Ch. Pr.* 246.) This is no doubt true.

The answer, then, is to be such as these words require; and that whether the words are in the bill or not. The answer is to be made to all and "*singular*" the "*several* matters" in the bill, and according, not only to the defendant's knowledge, but also according to his "recollection, information and *belief.*" Each sentence, each allegation, each question, must receive its own particular answer. Of course, if the answer or answers to the interrogatory or interrogatories founded upon an allegation, are a full answer to the allegation, a separate answer to the allegation need not be also given.

The answer, in this case, did not come up to what is thus required. The respects in which it is deficient, have already been indicated.

And because the answer did not, it was excepted to. Most of the exceptions were well founded. They should, therefore, have been sustained. The judgment will indicate, particularly, which they are that are sustained, and which over-ruled.