## W. R. GRIFFITH v. JAS. L. PHILIPS.

1. CHANCERY PLEADINGS AND PRACTICE. *Sale of land to pay decedent's debts. Jurisdictional facts.* In a decree for sale of land of decedent's to pay debts, the jurisdictional facts should appear, to-wit, the death of the party, appointment of administrator, the exhaustion of personalty and debts still unpaid. A failure to state whether the sale of a portion or all of the land was necessary to satisfy the debts, is a gross irregularity, for which a decree might be reversed upon a direct proceeding, but will not invalidate the decree or render sale thereunder void.

2. SAME. *Confirmation of sale and vestiture of title.* A confirmation of sale and a vestiture of title "upon payment of purchase money," is in legal effect a vestiture of title.

FROM MADISON.

Appeal in error from the Law Court of Madison county. W. McCORRY, J.

J. L. H. TOMLIN for Griffith.

BULLOCK & HAYS for Phillips.

FREEMAN, J., delivered the opinion of the court.

This is an action of trespass *quare clausum fregit*, instituted for the purpose of testing the title to a tract of land in Madison county—neither party being in actual possession. Under the charging of the court, and on the facts the jury have found a verdict for plaintiff, and defendant has appealed in error to this court.

The plaintiff introduced certain evidence of a secondary character of the existence of an old grant issued by the State of Tennessee. We need not go into this branch of the case, as the only questions presented in argument, and raised in the record are on the portions of the charge excepted to—only such parts of the charge as are deemed objectionable being brought up for revision. We must assume the parts not brought up, were unobjectionable.

A short statement of facts will serve to raise the questions presented for our decision.

It appears that David McKnight, the grantee, died before 1851, and that a petition was filed by his administrator, and widow, against his heirs, then minors, in the circuit court of Madison county. It appears, however, that the papers have all been lost in the above cause, and after most diligent search, cannot be found.

The records show only three decrees in the cause, the one appointing a guardian · *ad litem* to defend for the minors, the next ordering a sale, and then the third decree confirming the sale, and vesting the title. The land was sold on one and two years credit, and the last decree is dated September 2, 1851.

The decree ordering the sale of the land shows it

was heard on petition, answer of guardian *ad litem,* and exhibits, with a report of the clerk and master; and then recites the personal assets had been exhausted in the payment of the debts, and then proceeds to order a sale of the lands mentioned in the petition. The widow appears to have yielded her dower and agreed to accept its value in lieu, which was ascertained, and directed to be paid to her.

The only objection that can lie to this decree is, that it does not show on its face, by recital, that it was necessary to sell all the lands mentioned, nor what debts nor their amount, remaining due, but only that "there were just debts due and owing from the estate."

The pleadings and decree in a case like this must show the jurisdictional facts, on which the court is authorized to exercise this statutory jurisdiction, as we have always held. But these facts do appear in this case, the death of the party, the appointment of his administrator, the exhaustion of personalty, and debts still unpaid.

It is true the statute requires the court to sell only such lands as may be necessary to satisfy the debts or demands set forth in the petition and shown to exist—which involves an inquiry necessarily as to the amount of the indebtedness; these are but parts of the proceedings, and a failure to comply strictly with these directions, while amounting to a gross irregularity, and reversible on a direct proceeding, cannot rightfully be held to invalidate the decree or render the sale void made under it. That the court should

proceed with perfect regularity, is not a jurisdictional fact—an irregularity as we have said, but not such as to defeat the jurisdiction—on a collateral objection as made in this case.

In a case like the present, to make an irregularity, however gross, a reason for defeating a bill, acquiesced in for over thirty years by the heirs, would work the grossest injustice. The money has been paid by the purchaser no doubt, and gone as far as needed to the payment of the debts of the ancestor. The land has been sold, in many cases repeatedly, and there is no means of adjusting the equities between the parties. In such a case a most liberal rule should be applied, consistent with settled principles in favor of the validity of such proceedings.

We see nothing but irregularities in the decree before us, and nothing that goes to the jurisdiction of the court to do what it purports to do, and we have always held that mere irregularities do not render a sale void, but only voidable.

It is next insisted that the decree of confirmation does not divest the title, and vest it in the purchaser, except conditionally, and that it does not appear the condition has been performed as far as shown. The title is divested and vested in plain terms, "upon payment of the purchase money," is the language of the decree.

In answer to this, we need but say, that it being over sixteen years, a presumption of payment would arise, which is not rebutted by any proof in this record. If this were not so, we would construe this lan-

guage as being in legal effect, but the retention of a lien to secure the purchase money. It certainly was not intended to defeat the vestiture of title plainly expressed in the decree. The case of *Webster* v. *Hill,* 3 Sneed, 339–40, does not support the view of defendant, as the only question presented or decided in that case was, that a mere confirmation of a report of sale made by the clerk, does not *ipso facto* vest the legal title.

As to the failure to introduce the petition and other papers in the cause, we do not think any inference as to the invalidity of the proceeding can be drawn in favor of the defendant in this case.

The absence and loss of the papers is accounted for, and the decrees show very clearly what their substantial matter must have been. Besides, in such a case, after such a lapse of time, and in view of the ravages of the war, by which so many of our public records were destroyed, any presumption should be given in favor of the regularity of the proceedings of our courts, where nothing to the contrary appears.

As to the question of statute of limitations, based on the assumed adverse holding by defendant, by user, in cutting timber on the land for rail and fire wood, his Honor's charge was strictly correct, as applicable to the facts of the case. If the jury had found there was such an adverse holding, on the facts in the proof, it would have been the duty of the court below to have granted a new trial, and even of this court, as there is absolutely no evidence on which such possession as the law requires, could have been sustained.

On the whole case we think it was correctly adjudged, and affirm the same.