GEORGE HOUSER, by his next friend, LIZZIE OAKES, v. W. R. BONSAL & COMPANY.

(Filed 5 November, 1908).

1. **Jurisdiction Concurrent—Justice of the Peace—Torts—Demand Limited.**

    Under our Constitution and statute, jurisdiction is conferred upon a Justice of the Peace concurrent with that of the Superior Court of all actions of tort wherein the plaintiff, in good faith, states or limits his demand at fifty dollars, or less.

2. **Jurisdiction—Justice of the Peace—Infant Parties—Appointment of Next Friend.**

    There being no statutory special method indicated by which a next friend may be appointed to represent an infant in an action properly brought in a Justice's court, Revisal, secs. 405, 1473, the rule prescribed by the Supreme Court, Revisal, sec. 1541, applies, and thereunder the appointment should be made by the Justice of the Peace, using the same care and circumspection in investigating the fitness of the person to be appointed as is required by the Clerk, in actions properly brought in the Superior Court.

3. **Judgments—Justice of the Peace—Infant Parties—Guardian ad Litem—Appointment of—Procedure—Irregularity—Ratification.**

    A judgment rendered by a Justice of the Peace in favor of an infant plaintiff, and paid, will not be set aside by direct proceedings, between the same parties for the same cause of action, solely upon the ground that the next friend of the infant in the suit was appointed by the Clerk of the Court. At most, the action of the Clerk would be but an irregularity, which the Justice of the Peace may subsequently ratify by the subsequent proceedings.

HOUSER *v.* BONSAL.

4. **Superior Court—Justice's Judgments—Plea in Bar—Fraud—Direct Proceedings.**

   When, in an action in the Superior Court, the defense is set up that judgment had been entered in the court of a Justice of the Peace, and paid, and in reply the plaintiff assails the judgment on the ground that the action was instituted and the judgment procured by fraud, and with the purpose of depriving the plaintiff of his just demands, the suit in the Superior Court is a proper course to declare the entire proceedings in the Justice's court a nullity, and obtain the relief sought, all the parties in interest being before the Court.

5. **Same—Jurisdiction—Relief in One Action.**

   Under our present system, where Courts are empowered to administer full relief in one and the same action, when a judgment of a Justice of the Peace has been set up in bar of plaintiff's demand, and plaintiff has replied, according to the course and practice of the courts, alleging that the judgment was procured by fraud, and all parties to be affected by the decree are before the Court, the action should be considered and held a direct proceeding to assail the judgment, notwithstanding other issues are involved.

ACTION to recover damages for personal injuries to plaintiff, caused by alleged negligence on part of defendants, tried before *Jones, J.,* and a jury, June Term, 1908, of ANSON.

Plaintiff filed his complaint and alleged that plaintiff had been injured by the wrongful negligence of the defendants to his damage $5,000. Defendants answered denying negligence on their part, alleging that the damage suffered, if any, was nowhere near the amount alleged. Defendants further answered and averred that plaintiff, by his next friend, Robert Houser, who was father of plaintiff, had instituted an action to recover damages for the alleged wrong and injury, before one W. F. Long, a Justice of the Peace, in the county of Richmond, having jurisdiction of the claim, the amount demanded having been stated at $50.00; and that recovery for said sum was had in that action against the defendants, and same had been paid, and defendants pleaded said judgment in bar of any other or further recovery for the same wrong and injury.

Plaintiff replied and averred that said judgment, had before the Justice of the Peace, was void:

1. For that plaintiff being a minor, Robert Houser appearing in that action as next friend of plaintiff had been appointed to the office for that suit, by the Clerk of the Superior Court, and not by the Justice who tried the cause.

2. Because said judgment was obtained and procured by fraud.

On the hearing, the Judge dismissed plaintiff's action, holding—

1st. That the Justice of the Peace had jurisdiction of the cause in which the judgment had been entered by him.

2nd. That the judgment of said Justice, as it then stood, was a bar to any other and further recovery by plaintiff.

3rd. That same could only be assailed or impeached by direct proceeding instituted for the purpose.

The plaintiff excepted and appealed.

*J. W. Gulledge* and *W. E. Brock* for plaintiff.
*Morrison & Whitlock* for defendants.

HOKE, J., after stating the case: In *Duckworth v. Mull*, 143 N. C., 461, it was held: that the clause in the Constitution which provided that "the General Assembly may give to Justices of the Peace jurisdiction of other civil actions, wherein the value of the property in controversy does not exceed fifty dollars"; and the statute, giving jurisdiction to Justices of the Peace in like terms, operates to confer upon said Justices jurisdiction concurrent with that of the Superior Court of all actions of tort, wherein the amount demanded in good faith for plaintiff's injury did not exceed the sum of fifty dollars, the Court in that case, construing the words "property in controversy" as meaning "the value of the injury complained of, and involved in the litigation." And the opinion further decides, that where a plaintiff, in good faith, states or limits his demand in actions of that character, at

fifty dollars or less, the Justice has such concurrent jurisdiction, citing with approval *Malloy v. Fayetteville,* 122 N. C., 480 ; *Watson v. Farmer,* 141 N. C., 452.

No valid objection, therefore, can be made to the judgment of the Justice of the Peace, which rests solely on exceptions to his jurisdiction of the cause. And we are of opinion that the objection to the judgment, by reason of the method by which the next friend was appointed for the infant plaintiff, is not of itself sufficient ground to justify the Court in treating the said judgment as a nullity, or in ignoring its effect on the rights of these parties, while it stands as the judgment of the Justice's court. The Revisal of 1905, chapter, Civil Procedure—Title, Parties, sec. 405, provides, that in all actions or proceedings where there is no general or testamentary guardian, or when the suit is against such guardian, infant plaintiffs may appear by their next friend. And sec. 1473, provides: "That the chapter on Civil Procedure, respecting forms of actions, parties to actions, the time of commencing actions, and the service of process, shall apply to Justice's courts." But in neither section, nor elsewhere in the statute law, so far as we can discover, is the special method indicated by which such next friend must be appointed. For this reason, no doubt, the Supreme Court, acting under sec. 1541, Revisal, conferring upon this Court the right, for time to come, to prescribe rules of practice for the Superior Courts, have established a way by which the "next friend" shall be appointed in that court as follows:

"In all cases where it is proposed that infants shall sue by their next friend, the Court shall appoint such next friend, upon the written application of a reputable, disinterested person closely connected with such infant; but if such person will not apply, then, upon the like application of some reputable citizen, and the Court shall make such appointment only after due inquiry as to the fitness of the person to be appoint-

ed." 140 N. C., 683, Rules of Practice of Superior Court, No. 16.

As stated, this is the rule to be followed in regard to actions and proceedings in the Superior Court; and we think the same care and circumspection required for such appointments in the Superior Court, as indicated in this rule, should be followed in courts of Justices of the Peace. But in reference to actions before Justice's court, we think both the investigation into the fitness of the next friend and the order appointing him should be made by that officer.

If it should be conceded, however, that this is faulty procedure, and that the action of the Justice of the Peace in the present instance was not an adoption and ratification of the action of the Clerk, the defect is only an irregularity, and the judgment entered having been paid in full, the obligation is of itself, and on that ground, no longer of the substance. Why set aside a judgment for irregularity, at the instance of plaintiff, which was rendered to the full limit of a Justice's jurisdiction, and has already been paid? And, so far as we have examined, the authorities are uniform that the defect suggested, in reference to the appointment of the next friend, is at most only an irregularity. *Carrol v. Montgomery,* 128 N. C., 278; *Tate v. Mott,* 96 N. C., 19; *Fowler v. Poor,* 93 N. C., 466; 14 Ency. Pl. & Pr., 1016; 22 Cyc., 641.

In 14 Ency. Pl. & Pr., *supra,* it is said: "Where the proceedings are conducted without the intervention of a next friend, or a guardian ad litem, in a case where one is required or where the appointment is irregular, the judgment is irregular and voidable. But, while a failure to appoint a next friend or guardian ad litem or to sue by one is irregular, it is only that. The defect is not a jurisdictional one, and hence the judgment is not void."

And the reference to Cyc. is to like effect. In the case of *Tate v. Mott, supra,* it was held, that "where an infant ap-

peared by attorney, and had no next friend or guardian, the judgment is not void, but only voidable."

Even if the next friend in the present case, therefore, was not appointed according to the course and practice of the Court, the judgment is not on that account void, as contended by plaintiff; and his position, in that respect, also, was properly overruled by the trial Judge.

We do not, however, approve of his Honor's view that, on the pleadings and in this case, it was not open to plaintiff to assail the judgment had before the Justice of the Peace, on the ground that the action was instituted and judgment procured by fraud, and with the purpose of depriving plaintiff of his just demands. Though the judgment may have been to some extent irregular, it stood as the final deliverance on the rights of the parties in this case, and that being true, and particularly as it had been paid and satisfied, if it was obtained and procured by fraud, an independent action to set the same aside by reason of the fraud, and declare the entire proceeding a nullity, was the proper and only proceeding by which he could obtain relief. *Carter v. Rountree,* 109 N. C., 29; *Smith v. Fort,* 105 N. C., 446; *Mock v. Coggin,* 101 N. C., 366.

In *Mock v. Coggin,* the doctrine is stated as follows: "1. Any error committed or fraud perpetrated in the conduct of an action which has regularly terminated cannot be remedied by a motion in the cause, but relief must be sought by an action to impeach the former proceedings; and this action is only open to the parties to the original suit.

"2. Where persons who were not parties to the original suit are the contestants in an issue of fraud alleged to have been perpetrated in the course of the progress of the cause, the remedy must be sought in an independent action."

And this, being relief obtainable under our former system by original bill in equity, is now to be asserted by action in the Superior Court. True, as contended by defendants, the

authorities are to the effect that such relief must be obtained, if at all, by direct proceedings instituted for the purpose. But on the pleadings in this case, and the facts therein alleged, this is the direct and proper proceeding for the purpose indicated.

The defendant, having in his answer, set up the judgment in bar of plaintiff's demand, the plaintiff replied alleging fraud in impeachment of the judgment. All the parties in interest are before the Court, the reply is according to the course and practice of the Court, the defendant is fully apprised of the objection made to the validity of the judgment, and the proceedings are as direct as they can well be made. There is some confusion and apparent conflict in the decisions as to this term "direct proceedings" frequently used in reference to the method by which a judgment may be attacked. It arises to some extent from the fact that under our old system, when Courts, law and equity, were separate, or legal and equitable relief were administered on different sides of the docket, in an action at law, relief for fraud against a judgment could not be, as a rule, awarded, because such relief, as stated, was only obtainable in equity, and consequently, when a party to such action at law endeavored to set up fraud against the validity of a judgment, relief was denied because it had to be sought by direct and proper proceedings, by "bill in equity." But under our present system, where Courts are empowered to administer full relief in one and the same action, when all the parties to be affected by the decree are before the Court, and a judgment is set up in bar and directly assailed in the proceeding for fraud, this is a direct and proper proceeding to determine its validity. When a final judgment is assailed for fraud *aliunde,* the direct proceeding is by action, and if its validity is embraced within the scope and purpose of the action and the issue is raised by pleadings germane to the relief demanded, the proceeding

does not cease to be direct because other issues may be also involved.

In *Earp v. Minton,* 138 N. C., 202, being an action of claim and delivery for personal property, the plaintiff, Dorinda Earp, claiming to be the owner, sought to impeach a judgment for fraud which established the title of the property in one Cranor, who had sold to defendant. There was no claim or allegation made in the pleadings that the judgment was obtained by fraud, nothing to apprise the defendant that the validity of the judgment on which his title rested was questioned till the evidence was offered on the trial, and further, defendant's vendor, whose interest would be affected by a decree, was not a party. Apart from this, the action had been commenced before a Justice of the Peace, and that Court having no jurisdiction to hear and determine the question of fraud in the judgment, the plaintiff was compelled to rely on the legal title under the facts and conditions as they existed, and the Court properly held that the action could in no sense be held a direct proceeding to assail the judgment for fraud.

In this case, however, the Court is of opinion, as stated, the judgment before the Justice of the Peace having been set up in bar of plaintiff's demand, and plaintiff having replied according to the course and practice of the Court alleging that the judgment was procured by fraud, and all parties to be affected by the decree being before the Court, that the present action should be considered and held as a direct proceeding to assail the judgment; and the issues arising on the pleadings should have been submitted to a jury. The authority cited from another jurisdiction, apparently contrary to this view, is not approved.

There was error in dismissing plaintiff's action, and the judgment below in that respect is

Reversed.