LARAMORE *v.* DUDLEY, receiver, *et al.*

FISH, C. J.  1.  The court of ordinary, as to the administration of the estates of decedents, is a court of general jurisdiction, and its judgments relating to such subject can not be collaterally attacked where it does not appear from the face of the record that the court was without jurisdiction.  *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Alabama &c. R. Co.* v. *Hill,* 139 *Ga.* 224 (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann. Cas. 1914D, 996).

2  "There is a clear distinction between those facts which involve the jurisdiction of the court over the parties and the subject-matter, and those quasi-jurisdictional facts, without allegation of which the court can not be set in motion, and without proof of which a decree should not be pronounced.  In the absence of the former the judgment of the court is void, and may be attacked in collateral proceedings, while in respect to the latter it is conclusive and can not be questioned except on review."  Reinach *v.* Atlantic &c. R. Co., 58 Fed. 33 (3).

3.  It follows that an order granted by a court of ordinary to an administrator to sell the lands of his intestate can not be collaterally attacked in a superior court on the ground that the reason for the application to sell was not set forth in the petition of the administrator, and that this appears from a certified copy of the proceedings in the ordinary's court.  Griffith *v.* Philips, 77 Tenn. 417; Gillenwaters *v.* Scott, 62 Tex. 670.

(*a*)  Under the Civil Code (1910), § 4026, the petition of an administrator for an order to sell land of his intestate should set forth that such sale is necessary for the payment of the debts of the estate or for the purpose of distribution, but the omission of such an allegation is an amendable defect, which is cured by a judgment granting leave to sell.  Civil Code (1910), § 5960; *Stanford* v. *Bradford,* 45 *Ga.* 97, cited in *Artope* v. *Macon & Birmingham Ry. Co.,* 110 *Ga.* 346 (35 S. E. 657).

4.  On a hearing for an interlocutory injunction on a petition pending in the superior court, the plaintiff relied, for the relief sought, on the contention that an order such as is described in the preceding headnote was void, because the application for it did not set forth that a sale of the land was necessary for the payment of debts or for distribution, and therefore that it could be collaterally attacked.  In view of the rulings above made, such contention was without merit.  The refusal of an interlocutory injunction was not error.

*Judgment affirmed.    All the Justices concur.*

APRIL 13, 1916.

Petition for injunction.  Before Judge Littlejohn.  Sumter superior court.  December 31, 1915.

*W. W. Dykes,* for plaintiff.

*W. A. Dodson* and *Shipp & Sheppard,* for defendants.