22816.   GEORGIA POWER COMPANY *v.* FRIAR.

676

Decided September 30, 1933.

*Erwin, Erwin & Nix, Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.

*J. B. Jones, Little, Powell, Reid & Goldstein,* contra.

STEPHENS, J. (After stating the foregoing facts.)

The agreement between the parties to submit the issues to arbitration recites that whereas a suit is pending in the superior

court of Stephens county, "in order to settle and adjust the differences growing out of and contained in" this suit it is agreed to submit the matters referred to therein to "arbitrators." The parties, without doubt, undertook to submit to arbitration matters in controversy in a pending suit. Sections 5030 and 5048 of the Civil Code of 1910 make provision for submitting to arbitration matters arising out of suits pending, and it is provided that the award of the arbitrators when returned into court shall have the force and effect of a judgment of the court. In the article of the Code containing these sections provisions are made requiring that the submission to arbitration be in writing, and for the appointment of the arbitrators and the nature of the oath to be taken. There is no provision for an "appeal" from the award of the arbitrators. The only provision made for a review of the award is, as provided in section 5049 of the Code, that when the award shall have been returned to the court and entered upon the minutes, either party may except to the award as being "the result of accident, or mistake, or the fraud of some one or all of the arbitrators or parties, or . . otherwise illegal," and when such exceptions are taken, an issue is to be tried thereon by "a special jury under the same rules and regulations as are prescribed for the trial of appeals."

The agreement provides for submitting to arbitration, not only the matters embraced in the pending suit, but the matter as to the grant of an easement in the plaintiff's lands and the amount to be paid the plaintiff therefor. It is also provided in the agreement that the arbitrators, in proceeding to make an award, "will act both in the nature of arbitrators and under the rules of condemnation." The agreement provides also that the award when made shall be entered upon the minutes of the superior court of the county, and "the judge of said court may judgment the same." It also provides that "in the event objections are filed to the return of the arbitrators, they are to be determined and tried" in the superior court. The arbitrators, after taking the oath required in section 5037 of the Civil Code of 1910 of arbitrators upon statutory awards, instead of the oath required under section 5221 in condemnation proceedings as is provided in the agreement to submit to arbitration, made an award for the plaintiff in an amount representing the value of the easement in the plaintiff's land and the consequential damages, and also in an amount representing damage to plaintiff's land. The

award was made July 2, 1931, and was, on the same day, entered on the minutes of the superior court of the county. The judge of the superior court, on July 6, 1931, rendered a judgment for the plaintiff against the defendant in the amount found in the award.

The defendant contends that under the agreement submitting the matter to arbitration, the matter before the arbitrators was in a condemnation proceeding, and that an "appeal" would lie from the award to the superior court as provided in section 5228 of the Civil Code of 1910, which provides that where an award is made by assessors in proceedings to condemn land appointed as provided in section 5206 et seq., of the Civil Code of 1910, an appeal will lie from the award to the superior court. On July 11, 1931, within ten days after the award was filed, as is provided for filing appeals from awards in condemnation proceedings, and after the judgment of the superior court thereon had issued on July 6, 1931, the defendant, filed an "appeal" to the superior court from this award. The defendant further contends that, since the case on appeal in the superior court was dismissed by the order of the court on motion of the defendant dismissing the "condemnation" proceedings, and on the order of the court on motion of the plaintiff dismissing the "proceedings," the judgment rendered by the superior court for the plaintiff against the defendant, in the amount found by the arbitrators, as provided in the award, has nothing to stand upon and is illegal and void, and that the levy thereunder is proceeding illegally. The defendant further contends that, irrespective of the character of this award, whether it is an award in condemnation proceedings from which an appeal would lie, or whether it is a statutory award from which an appeal does not lie, the order of the judge of the superior court overruling the plaintiff's motion to dismiss the appeal, which it is contended was based upon the ground that the court had no jurisdiction to entertain the appeal, amounts to an adjudication that the award was an award in a condemnation proceeding, and an award from which an appeal would lie.

If the award is not one in a condemnation proceeding and from which an appeal would lie to the superior court, or if the order of the judge of the superior court does not amount to an adjudication between the parties that it is an award upon a condemnation proceeding, the award itself, after having been filed with the clerk of the superior court as provided in section 5047 of the Civil Code of

1910 for statutory awards, is a judgment of the court "final and conclusive between the parties as to all matters submitted to the arbitrators," and the judgment of the superior court putting the award into effect, which is a judgment in the original suit pending, the issues in which were referred by the agreement to arbitration, is a valid judgment, and the affidavit of illegality filed to the levy of an execution issued thereon is without merit.

The right to appeal to the superior court is fixed by statute, and lies only from bodies or tribunals when an appeal therefrom is provided for by statute. Civil Code (1910), §§ 4849(3), 6513; *Roser* v. *Marlow, R. M. Charllon*, 542; *Hendrix* v. *Mason*, 70 *Ga.* 523; *Savannah, Florida &c. Ry. Co.* v. *Postal Tel. Co.*, 112 *Ga.* 941, 943 (38 S. E. 353); *DeLamar* v. *Dollar*, 128 *Ga.* 57 (57 S. E. 85). Assessors in condemnation proceedings, from whose award an appeal will lie as provided by section 5228 of the Civil Code of 1910, which is a codification of the act of 1894, must be appointed as provided for in that act, as codified in sections 5206 et seq. of the Civil Code of 1910. They can not be appointed under an agreement between the parties in a pending litigation to arbitrate the matters in the pending suit as provided in sections 5030 and 5048 of the Civil Code, which apply solely to statutory awards from which no appeal can be had, and under the authority of which the matters in the litigation pending in the case in Stephens superior court were, by the agreement made, referred to arbitration.

Without going into details, we conclude that, notwithstanding the provision in the agreement submitting the issues to arbitration that the arbitrators should proceed "as in condemnation proceedings," and providing for an "appeal" from the award to the superior court, the award of the arbitrators was a statutory award; and unless the order overruling the plaintiff's motion to dismiss the appeal has adjudicated that the award is an award in a condemnation proceeding from which an appeal will lie, it was not error to dismiss the affidavit of illegality and allow the judgment of the superior court rendered on the award to proceed.

If the arbitrators constituted assessors in a condemnation proceeding, and the award made was an award in a condemnation proceeding, from which an appeal would lie as provided in section 5228 of the Civil Code of 1910, providing for an appeal from the award of assessors in condemnation proceedings, the arbitrators

then were not appointed pursuant to the provisions of sections 5030 and 5048 of the Civil Code of 1910 which relate to the appointment of arbitrators in a pending litigation who are to make a statutory award. If the award appealed from was an award in condemnation proceedings, the dismissal of the proceedings on appeal, by W. N. Friar, a party to the proceedings, was not a dismissal of the original suit in the superior court against the Georgia Power Company. There is therefore no merit in the suggestion of counsel for Georgia Power Company that, upon the dismissal by W. N. Friar of "the proceedings" in the superior court on appeal from the award, the original suit in the superior court was dismissed.

If the award was a statutory award, and not an award in a condemnation proceeding from which an appeal would lie, the appeal to the superior court was a nullity, and the court had no jurisdiction in the matter. The judgment overruling the motion to dismiss the appeal, although the motion was made on the ground that the court had no jurisdiction to entertain the appeal, is not an adjudication binding upon the plaintiff W. N. Friar to the effect that the appeal was valid as being from an award made by assessors in a condemnation proceeding. *Towns* v. *Springer,* 9 *Ga.* 130; *Mobley* v. *Mobley,* 9 *Ga.* 247 (2); *Central Bank of Georgia* v. *Gibson,* 11 *Ga.* 453; *Ponce* v. *Underwood,* 55 *Ga.* 601; *Cutts* v. *Scandrett,* 108 *Ga.* 620 (3) (34 S. E. 186); *Callaway* v. *Irvin,* 123 *Ga.* 344 (2) (51 S. E. 477); *Dix* v. *Dix,* 132 *Ga.* 630 (3) (64 S. E. 790); Murray *v.* American Surety Co., 70 Fed. 341 (2); Davidson *v.* Ream, 178 App. Div. 362 (164 N. Y. S. 1037); Goldberg *v.* Levine, 199 App. Div. 292 (192 N. Y. Supp. 124); Doey *v.* Howland Co., 224 N. Y. 30 (120 N. E. 53); Wright *v.* Atwood, 33 Idaho, 455 (195 Pac. 625); 33 C. J. 1075; 34 C. J. 531, 768. This is a case of want of jurisdiction in the court over the subject-matter, and is not a case where jurisdiction of the subject-matter attaches and where the judgment assuming jurisdiction of the appeal is only an erroneous exercise of jurisdiction. See *Georgia R. &c. Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822); *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815 (19 S. E. 31); *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250); *Laramore* v. *Dudley,* 145 *Ga.* 102 (2) (88 S. E. 682); Reinach *v.* Atlantic &c. R. Co., 58 Fed. 33 (3); 15 C. J. 729; 33 C. J. 1078. The provision in the agreement to submit to arbitration, for an appeal to the superior court, is ineffective to confer on the superior

court jurisdiction to entertain the appeal. Jurisdiction as to the subject-matter can not be conferred by consent. Civil Code (1910), § 5663; *Raney* v. *McRae,* 14 *Ga.* 589; *Block* v. *Henderson,* 82 *Ga.* 23 (8 S. E. 877, 3 L. R. A. 325, 14 Am. St. R. 138); *Smith* v. *Ferrario,* 105 *Ga.* 51 (31 S. E. 38); *Cutts* v. *Scandrett,* supra; 34 C. J. 748; Brown on Jurisdiction of Courts (2d ed.), § 10.

■ Assuming that the award was in a condemnation proceeding and was subject to being appealed from to the superior court, and assuming that the proceedings which were in the superior court on appeal had been dismissed, there is still pending a judgment of the superior court in the original case which has not been excepted to. This judgment, notwithstanding the dismissal of all the proceedings on "appeal" in the superior court, is a valid and binding judgment for the plaintiff, issued in the original case of W. N. Friar against Georgia Power Company, and is good against the affidavit of illegality interposed. The judgment overruling that affidavit and sustaining the levy is

*Affirmed. MacIntyre, J., concurs. Jenkins, P. J., absent on account of illness. Sutton, J., disqualified.*