MAGID OF TALLULAH INC. *v.* BEAVER *et al.*

No. 11299. NOVEMBER 11, 1936.
ADHERED TO ON REHEARING, DECEMBER 16, 1936.

*Robert McMillan, Robert Lee Avary,* and *Bynum & Frankum,* for plaintiff.

*Hammond Johnson, Charles J. Townsend,* and *Wheeler & Kenyon,* for defendants.

RUSSELL, Chief Justice. This suit involves title to land lying in Habersham County. It was brought in the superior court of that county by Louis B. Magid Sr., Magid of Tallulah Inc., and Magid Orchards Corporation, against Cecil Holbrooks and Sandy Beaver. By amendment the names of Louis B. Magid Sr. and Magid Orchards Corporation were struck as parties plaintiff. The

petition as amended alleges that Holbrooks resides in Habersham County, where the land lies, and Beaver resides in Hall County; that the equitable title to the land is in the plaintiff, and the legal or paper title is in Beaver; that Holbrooks is in possession of the land on behalf of Beaver, committing certain continuing trespasses and resisting the plaintiff's entry; that Holbrooks is insolvent; that such title as Beaver holds to the land was obtained by him by purchase of a portion thereof at a sheriff's sale by virtue of the foreclosure of a loan deed made by Magid Orchards Corporation in favor of the Federal Land Bank, and by purchase of the other portion thereof at a sale by the trustee in bankruptcy of Magid Orchards Corporation, pursuant to an agreement with the plaintiff; that Beaver claims to have loaned or advanced to plaintiff about $95,000, whereas $32,500 of this amount is usury, and the remainder has been fully paid in different ways, some of it in the form of fire insurance which Beaver collected, and some in the form of rents and profits which Beaver received while he was in possession of the land, and which he should have applied to the loan; but that nevertheless Beaver now claims to own the land. The prayers are for an injunction restraining Holbrooks from cutting wood and timber from the premises of Magid of Tallulah Inc., and from the doing of other acts as alleged in the petition; and for a decree declaring that the loan from Beaver has been repaid, and declaring that the $32,500 is usurious, that Beaver has no interest in the land, and that the equitable title thereto is in plaintiff. Beaver demurred to the petition, upon several grounds, among them one urging that the court was without jurisdiction of the person of Beaver, "because, if the relief prayed against Cecil Holbrooks . . can be obtained at all, it is collateral to and dependent upon the granting of the main relief sought against this defendant, and the petition discloses on its face that the plaintiff is not entitled to such relief without an equitable accounting." The court sustained this ground of the demurrer, and dismissed the petition.

1. The plaintiff relies upon the legal title which could be ascertained in an ordinary common-law proceeding only upon the adjustment of the equities between the corporation and the defendant. The adjustment of such equities being a preliminary indispensable to the prosecution of the action as a common-law

suit to recover land, and it appearing from the petition that the plaintiff has not reinvested itself with the title through the medium of appropriate proceedings upon equitable principles, and it appearing that Sandy Beaver does not reside in the same county in which the land lies, the court did not err in dismissing the petition. This for two reasons: first, that the plaintiff showed title out of itself; and second, because as against Beaver no equitable relief which would invest the plaintiff with the title could be granted against that defendant in the county in which the suit was instituted. The case at bar is controlled by the ruling in *Clayton* v. *Stetson*, 101 *Ga.* 634 (28 S. E. 983).

2. While it has frequently been held by this court that a purchaser of land who has fully paid the purchase-price may recover in ejectment or complaint for land, because the holding of the original owner is in trust for the purchaser, the case before us is not of that character, because the deed executed by Magid Orchards Corporation, under which the sheriff's sale was had, was a loan deed. The sale by the trustee in bankruptcy was of land of the Magid Orchards Corporation. Beaver acquired his title by purchase at these sales, pursuant to an alleged agreement with the plaintiff. It does not appear that Beaver executed any bond or other separate writing obligating him to reconvey the premises; and the plaintiff, recognizing this situation, prays for an equitable decree, adjudicating the plaintiff's equitable title. What we now hold, following the decision in *Clayton* v. *Stetson*, supra, is not in conflict with *Pitts* v. *McWhorter*, 3 *Ga.* 5 (46 Am. D. 405); *Winter* v. *Jones*, 10 *Ga.* 190 (54 Am. D. 379); *Jackson* v. *Deese*, 35 *Ga.* 84, *Pitts* v. *Hooper*, 16 *Ga.* 442, or *Adams* v. *Spivey*, 94 *Ga.* 676 (20 S. E. 422).

*Judgment affirmed. All the Justices concur.*