506

HUNTER *et al. v.* ASSOCIATED MORTGAGE
COMPANIES INC.

No. 11317.   November 24, 1936.   Rehearing denied December 10, 1936.

*McElreath, Scott, Duckworth & DuVall* and *J. L. Riley*, for plaintiffs in error.

*Welborn B. Cody* and *Edward L. Cody*, contra.

PER CURIAM. The superior court of DeKalb County was without jurisdiction to confirm or refuse to confirm the sale of the property. . The entire act of 1935 was unconstitutional and void as against the enforcement of this contract, which was executed before the approval of the act. *Atlantic Loan Co.* v. *Peterson*, 181 *Ga.* 266 (182 S. E. 15). The question of constitutionality of the act was not raised in DeKalb superior court in the proceeding now being considered. On the contrary the creditor undertook to comply with its terms, and prayed for confirmation of the sale. The court refused confirmation. The court had no jurisdiction of the subject-matter of confirming the sale. Its judgment was a nullity. It bound no one, and could be attacked anywhere and by any one whose interest it purported to affect. Code, §§ 110-701, 110-709. The judgment being void, no estoppel could be thereby raised. Where a judgment is relied on to establish an estoppel, the burden is on the party relying on the former judgment to prove that it is valid, and that the particular matter in controversy was necessarily or actually determined in the former litigation. *Johnson* v. *Lovelace*, 61 *Ga.* 62; *Draper* v. *Medlock*, 122 *Ga.* 234 (50 S. E. 213, 69 L. R. A. 483, 2 Ann. Cas. 650); *Irvin* v. *Spratlin*, 127 *Ga.* 240 (55 S. E. 1037, 8 Ann. Cas. 341); *Harris* v. *Equitable Securities Co.*, 129 *Ga.* 241 (58 S. E. 831); *Hardin* v. *Douglas*, 168 *Ga.* 213, 215 (147 S. E. 506); *Prisant* v. *Feingold*, 169 *Ga.* 864, 867 (2) (151 S. E. 799). It not appearing that any action was taken as to a deficiency judgment in DeKalb superior court, and that court having no jurisdiction of the matter of confirming the sale, no reason appears why the Fulton court may not render such deficiency judgment. Accordingly the court did not err in overruling all demurrers to the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*