MARSHALL *v.* MARTHIN *et al.*

No. 13813. JULY 9, 1941.

*Robert B. Blackburn,* for plaintiff in error.

*J. Howell Green,* contra.

GRICE, Justice. ■ The original petition was undoubtedly subject to the attack made upon it in so far as jurisdiction was concerned; for while land in DeKalb County was involved, it was not, under our decisions, a case respecting title to land, but an equity case within the meaning of par. 3, sec. 16, art. 6 of the constitution (Code, § 2-4303). *Clayton* v. *Stetson,* 101 *Ga.* 634 (28 S. E. 983); *Magid of Tallulah Inc.* v. *Beaver,* 183 *Ga.* 485 (189 S. E. 43). But a suit in equity may be changed by amendment into an action at law, where the amendment is not otherwise objectionable. *Metropolitan Life Insurance Co.* v. *Hall,* 191 *Ga.* 294 (12 S. E. 2d, 53). This counsel for defendant in error undertook to do by converting it, as contended by him, into a suit to recover the undivided interests of his clients in the realty located in DeKalb County, so as to make it a case respecting title to land, the suit being filed in the county where the land lies. After the amendment, however, it appeared from the face of the petition that the sole defendant resided in Fulton County; that he had a deed to the property from the administrator of the ancestor under whom the plaintiffs claimed; that so far as it appears the deed was regular on its face; that the administration itself was regular, but that the appointment was brought about by the fraud of the defendant. The amendment contained the averment that the deed from the administrator to Marshall, "on account of all the acts of James Henry Marshall herein fully set forth, was obtained by fraud and

as against plaintiffs is fraudulent, void, and of no force and effect." It has been held that the court of ordinary is a court of general jurisdiction; and unless the want of jurisdiction appears on the face of the record, its judgments can not be collaterally attacked for fraud. See *Bowen* v. *Gaskins*, 144 *Ga.* 1 (85 S. E. 1007), and cit.; *Scarborough* v. *Long*, 186 *Ga.* 412, 415 (197 S. E. 796), and cit. Frequently in the cases from other States one meets with the statement that the attack is collateral when it is only an incident of the suit. One of the many cases wherein this is said is Wright v. Saltmarsh, 174 Okl. 226 (50 Pac. 2d, 694). It has many times been held that the attack upon the judgment is a collateral attack if the action or proceeding has an incidental purpose and contemplates some relief or result other than the mere setting aside of the judgment, although the setting aside of the judgment may be necessary to secure such independent purpose. Among the decisions so holding is Sewell v. Reed, 189 Ark. 50 (71 S. W. 2d, 191, 194). The same rule has frequently been applied to instances where the plaintiff brought an action to establish his title to land, and to set aside a guardian's deed executed by virtue of a probate proceeding. Such an instance was that dealt with in .Moffer v. Jones, 67 Okl. 171 (169 Pac. 652, 656). Numerous cases where this subject has been treated are cited in 7 Words and Phrases (Permanent ed.) 573 et seq. Some courts have held that any attempt to impeach or annul a judgment otherwise than by a direct appeal or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack thereon. Johnson v. Johnson, 182 Ala. 376 (62 So. 706). It has been held by at least one court that when a judgment set up in bar is directly assailed as procured by fraud, it is a direct and not a collateral attack. Houser v. W. R. Bonsal & Co., 149 N. C. 51 (62 S. E. 776). This does not, however, seem to harmonize with the decision of this court in *Bowen* v. *Gaskins*, supra. An examination of this subject will disclose that the courts of this country are not in accord as to what constitutes a collateral attack, although under the great weight of the authorities, as we interpret them, the attack in the instant case is a collateral attack.

*Wells* v. *Pridgen*, 154 *Ga.* 397 (114 S. E. 355), was a habeas-corpus case. Its object, of course, was to obtain the person of one restrained. In the petition the applicant pleaded that he was de-

livered into the custody of the warden of the penitentiary under a court sentence imposed on him after he was arraigned, tried and convicted by a jury, with his plea of not guilty of file, without any evidence being introduced, and no instructions having been given the jury by the judge. In affirming the judgment sustaining a demurrer to the petition, and a motion to quash the writ on the ground that no cause of action is set forth whereby the writ of habeas corpus can be sustained, because the plaintiff sets forth in her petition that the defendant was legally indicted, that a legal and valid verdict was rendered, and that a legal and valid sentence was imposed upon him under which he is legally detained by the warden, this court referred to his attack on his judgment of conviction as a collateral attack. In *Laramore* v. *Dudley*, 145 *Ga.* 102 (88 S. E. 682), it was ruled: "It follows that an order granted by a court of ordinary to an administrator to sell lands of his intestate can not be collaterally attacked in a superior court on the ground that the reason for the application to sell was not set forth in the petition of the administrator, and that this appears from a certified copy of the proceedings in the ordinary's court. Griffith *v.* Phillips, 77 Tenn. 417; Gillenwaters *v.* Scott, 62 Tex. 670." We have examined the record in that case. It appears therein that the main relief sought was an injunction against further prosecution of a suit in the city court; but it also appears that dower was set apart to a widow, and it was recited that the court of ordinary granted an order to sell the reversionary interest in the dower lands, and the contention made in the pleadings was that said order of the ordinary was void for certain stated reasons. The plaintiff's right to the injunction was predicated on the proposition that the order granting to the administrator leave to sell was invalid. The ruling seems to be in line with the rulings from other States above referred to, which support the proposition that the attack is collateral if the attack on the judgment is only incidental when the proceeding contemplated some other and further relief. Complainants in the instant case are seeking to recover an undivided interest in land, together with mesne profits. There is no prayer that the judgment of the court of ordinary be set aside. No representative of the estate of the deceased is a party to the instant suit, there being an allegation that the administrator has been discharged. As to this, compare *Bullard* v. *Wynn*, 134 *Ga.* 636 (68

S. E. 439). The heart of their case is the prayer for the recovery of their interest in the land. Such is their prayer. The attack on the judgment of the ordinary granting administration, on account of the fraud of their adversary, is only incidental. The title of Marshall, the purchaser, is invalid, if at all, only because it was a part of his alleged fraudulent conduct in imposing on the court of ordinary.

We have examined with care the cases cited on the supplemental brief for defendants in error, to wit: *Portman* v. *Mobley,* 158 *Ga.* 269, 272 (123 S. E. 695) ; *Maryland Casualty Co.* v. *Grant,* 169 *Ga.* 325 (2) (150 S. E. 424) ; *Powell* v. *Harrison,* 180 *Ga.* 197, 205 (178 S. E. 745) ; *Walker* v. *Ful-Kalb Inc.,* 181 *Ga.* 563, 572 (183 S. E. 776) ; *Hunter* v. *Associated Mortgage Companies,* 183 *Ga.* 506, 508 (188 S. E. 700) ; *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524 (2), 527 (131 S. E. 517) ; *Crawford* v. *Williams,* 149 *Ga.* 126, 132 (99 S. E. 378) ; *Smith* v. *Cuyler,* 78 *Ga.* 654 (3 S. E. 406). In our opinion those decisions held nothing to the contrary of what we here rule. As late as the January term, 1940, of this court it was held that, "In a suit in ejectment to recover land, a judgment of the ordinary appointing for the deceased a guardian who under the provisions of the Code acted as the administrator of the estate of the deceased, and as such sold the property sued for, can not be collaterally attacked for defects not appearing on the face of the record." *Owenby* v. *Stancil,* 190 *Ga.* 50 (8 S. E. 2d, 7). And, as we have heretofore seen, this rule is not changed because the attack is based on fraud. There is nothing in either Code § 110-710 or § 37-709 in conflict with such a rule.

In view of the diversity of opinion among the courts of other jurisdictions as to what constitutes a collateral attack, and the difficulty this court has had in applying the principle of precedents in our own State, it might be well if this court could announce some comprehensive rule on that subject; but in every instance we must limit our rulings to the case before us. We content ourselves therefore with the pronouncement that such an attack as shown by this record, its character being that recited in the second headnote, is a collateral attack, and not a direct attack. The judge should have sustained the demurrer to the petition as amended, on the ground that on the face of their pleadings the plaintiffs showed no right of recovery, for that they had no case so long as the judg-

ment of the court of ordinary stood unimpeached; and it could not be attacked in the manner sought.

*Judgment reversed.   All the Justices concur.*