I am inclined to the view that the plaintiff would not acquire a perfect equity, equivalent to legal title, to the omitted 13-acre tract, under the facts summarized in the first headnote. It may be that the oral agreement would be merged in the deed, and that any right or claim that the plaintiff might have with respect to the omitted tract would depend on reformation. Carr v. Augusta GroceryCo., 183 Ga. 346 (188 S.E. 531); Kennedy v. Kennedy,183 Ga. 432 (3) (188 S.E. 722, 109 A.L.R. 1143); Taylor v.Board of Trustees of Glenlock Public School, 185 Ga. 61
(194 S.E. 169). If such reformation would be necessary, I do not think it could be said that the plaintiff had a perfect equitable title to the omitted tract. Magid of Tallulah Inc. v. Beaver,183 Ga. 485 (189 S.E. 43). However, if the plaintiff did have a perfect equitable title to the omitted tract, as ruled by the majority, I think he would have it by reason of the full payment of the purchase-money alone, and that actual possession would not be a prerequisite thereto. Code, § 37-802; Grace v. Means,129 Ga. 638, 644 (59 S.E. 811); May v. Sorrel, 153 Ga. 47
(3), 53 (111 S.E. 810); Long v. Godfrey, 198 Ga. 652
(32 S.E.2d 306).
What I have just said has reference solely to the question as to equitable title, and does not in any way concern the question as to what would constitute notice to a purchaser. Nor do I mean to say that it would be necessary for one to have a perfect equitable title before he would be entitled to the protection of a court of equity as against a subsequent purchaser with notice. Code, § 37-115. *Page 866 
Now, with reference to the question of notice, I understand the majority to hold that possession of land is notice only of the possessor's right or title as to land under actual occupancy; in other words, that such notice would be limited as a matter of law to the portion of the premises actually occupied. I cannot agree with this view. The court has seemingly applied the rule as to the kind of possession that may ripen into prescriptive title after 20 years. Code, § 85-406. In such case, of course the prescription "will not extend beyond the possessio pedis."Tillman v. Bomar, 134 Ga. 660 (5) (68 S.E. 504). It seems to me that the two rules are different, and that notice by possession would not necessarily be thus limited. As to this particular question, the majority opinion appears to rely mainly upon Cook v. Long, 27 Ga. 280, but in that case no question of notice to a purchaser was involved, the occupant claiming merely to have acquired "statutory title" by actual occupancy or possession of the land in dispute. The question of actual notice is one relating to the purchaser's state of mind, and is not necessarily controlled by the metes and bounds of the land actually occupied. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116. This principle must go hand in hand with the rule stated in the Code, § 85-408, as to notice by possession, and applying both principles to the facts of this case, I am of the opinion that the plaintiff's possession should not be limited as notice merely to the land held by him under actual occupancy. A tract containing only thirteen acres is in dispute. The plaintiff claimed that this tract had been purchased by him along with other lands, but that through oversight the deed that was made failed to include the tract in question. The majority opinion goes on the theory that, although the plaintiff was in actual possession of portions of such 13-acre tract at the time the defendant purchased it, the plaintiff must lose his case with respect to this entire tract, merely because the extent of his actual occupancy was not made to appear with sufficient definiteness to support an enforceable verdict and judgment.
It is my view that under Code, § 85-408, actual possession will *Page 867 
constitute notice as a matter of law, as to land actually occupied, while under section 37-116, the same possession may be found as matter of fact to constitute notice as to additional land, depending on the particular facts and circumstances. Thus, in the instant case, if the plaintiff was in actual possession of parts of the land in question at the time of the defendant's purchase, it seems to me that even despite such lack of definite description, the jury would have been authorized, if not required, to find that before purchasing this land the defendant should have inquired of the plaintiff as to his right or title to the parts of it that he so held in actual possession, and that if such inquiry had been made, the defendant would thereby have ascertained that the plaintiff claimed the entire tract in dispute, containing, as it did, only thirteen acres, in a single lot, and its own boundaries being definite, to wit, original lot lines and a creek. Austin v. Southern Home Building c. Assn.,122 Ga. 439 (2) (50 S.E. 382); Parker v. Gortatowsky,127 Ga. 560, 563 (56 S.E. 846); Terrell v. McLean, 130 Ga. 633
(4) (61 S.E. 485); 22 R. C. L. 722, § 486.
Nevertheless, the defendant contended and testified that the plaintiff was not in possession of any part of the tract at the time he purchased it, and under the evidence as a whole it cannot be said that the verdict for the defendant was unauthorized.Dix v. Wilkinson, 149 Ga. 103 (2) (99 S.E. 437); Webster
v. Black, 142 Ga. 806 (3) (83 S.E. 941). Accordingly, the court did not err in overruling the plaintiff's motion for a new trial, based solely on the general grounds. For this reason, I concur in the judgment.