24768.    BREAZEALE v. BREAZEALE.

SUBMITTED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 24, 1968.

*Guy B. Scott, Jr.,* for appellant.

*Cook, Pleger & Boulogne, J. Vincent Cook,* for appellee.

GRICE, Justice.    Earle Walter Breazeale appeals from the grant of summary judgment in favor of his former wife Bernice Power Breazeale. His complaint, filed in the Superior Court of Clarke County, alleged that she is in possession of certain land to which he claims title, that she has received the proceeds of it since a named date, and that she refuses to deliver the land to him or to pay him the proceeds thereof. In her answer to this

complaint she asserted that she acquired title to the land by a decree of the Superior Court of Clarke County awarding it to her in an action for divorce and alimony.

After pleadings had been filed by both parties in the case at bar the former wife moved for summary judgment, asserting that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. In determining this motion the trial judge had before him for consideration the proceedings in the prior divorce and alimony action including the decree above referred to, the pleadings in the instant case, an affidavit by the plaintiff herein, and an affidavit by the trial judge who presided in the divorce action.

The former husband's affidavit in opposition to the motion recited in relevant part as follows: that the decree above referred to set out that no defense had been filed in the divorce case but that defensive pleadings were filed therein; that when the former wife amended her petition for divorce so as to seek award of the property in question and when the final decree was rendered in the divorce suit he was outside the continental limits of the United States and had no knowledge of the wife's amendment; and that these facts show that the decree was entered through fraud, is void on its face and is a nullity.

The affidavit of the judge, submitted by the former wife in support of her motion for summary judgment, is, insofar as material, the following: that the former husband filed an answer and cross action in the divorce action; that an interlocutory hearing and a later contempt hearing were held, at which both parties were present; that when the case was called for trial the former husband was not present; that his counsel stated to the court that said party had been notified by him a month previously of the time and place of the trial; that no motion for continuance was made on his behalf; that the case was then and there tried; that the former husband's counsel was present throughout the trial and participated therein; and that the decree which was entered contained the recital "No defense having been filed . . ." which was a clerical mistake.

The sole enumeration of error is that the trial judge erred when, on the summary judgment motion, he considered the

judge's affidavit above referred to and based his judgment thereon, "because when a collateral attack is made upon a judgment only those matters appearing on the face of the record can be considered."

It is not necessary to decide whether the instant suit was a collateral attack upon the divorce decree, or whether matters not appearing on the face of the divorce proceeding could properly be considered in this action. See in this connection, the discussions and holdings in such cases as *Owenby v. Stancil*, 190 Ga. 50 (8 SE2d 7); *Marshall v. Marthin*, 192 Ga. 613 (15 SE2d 861).

Even assuming that the judge's affidavit should not have been considered in view of the foregoing principles relating to collateral attack, its consideration is no cause for reversal under the facts here, since the grant of summary judgment was demanded by other matter before the court.

None of the alleged defects asserted by the former husband, even if proper to consider, would invalidate the divorce decree. The assertion that he was out of the continental United States when the former wife filed an amendment seeking award of the property in question and when the final decree was entered in the divorce action is immaterial in view of the record's showing that he was personally served in the action, that he filed an answer and cross action, and that his counsel of record in the case was served with the wife's amendment seeking the property. The decree's recital that no defense was filed in the divorce action is overcome by the presence in the record of the husband's answer and cross action, and is an inconsequential mistake.

*Judgment affirmed. All the Justices concur.*